## M. A. STEVENS v. STATE.

### No. 1933.  Decided October 23, 1912.

### Rehearing denied November 20, 1912.

**1.—Pandering—Indictment—Duplicitous Pleadings.**

Where, upon trial of pandering, the indictment followed approved precedent, the same was sufficient; and the same was not subject to the complaint of duplicitous pleading because it charged defendant with committing the offense by different modes. Following Reum v. State, 49 Texas Crim. Rep., 125, and other cases.

**2.—Same—Continuance—Consent.**

The question of consent of the female to go to a house of prostitution is not an issue in the offense of pandering, and the court did not err in overruling an application for continuance on that ground.

**3.—Same—Evidence—Husband and Wife.**

The Act of the Thirty-second Legislature defining the offense of pandering provides that the wife may testify against the husband when the latter is charged with that offense.

**4.—Same—Jury and Jury Law.**

Where, upon appeal, the bill of exceptions did not show the answers which the jurymen would have made to the questions objected to, there was no error.

**5.—Same—Evidence—Bill of Exceptions.**

Where appellant accepted the bill of exceptions as qualified by the court, which showed that certain testimony was excluded with reference to carnal intercourse between prosecutrix and a third party, there was nothing to review.

**6.—Same—Marriage—Evidence.**

Marriage may be proven by testimony of the witness who was present at the marriage performance, and there was no error in permitting such testimony.

**7.—Same—Evidence—Acts and Declarations of Defendant.**

Upon trial of pandering, there was no error in admitting testimony as to the acts and declarations by the defendant at the time he placed his wife in a house of prostitution; and the fact that he was drunk at the time was not an objection to said testimony.

**8.—Same—Evidence—Venue.**

Where, upon trial of pandering, the indictment alleged the offense in the county of the prosecution, there was no error in admitting testimony that the house of prostitution in which prosecutrix was placed was situated in said county.

**9.—Same—Evidence—Bills of Exception.**

Where the bills of exception did not show the answers to the questions objected to, there was nothing to review on appeal.

**10.—Same—Evidence—Reputation for Chastity.**

In a prosecution for pandering, the fact that while prosecutrix was living with her father she had been immoral would be no defense; nor was her general reputation for chastity in another county an issue in the case.

**11.—Same—Evidence—Subsequent Conduct of Prosecutrix.**

Upon trial of pandering, there was no error in excluding testimony of acts of prosecutrix which took place subsequent to the commission of the offense, and which threw no light on the transaction.

**12.—Same—Evidence—Cross-examination.**

Where the defendant, on cross-examination, asked a witness a question on an immaterial matter, he is bound by the answer and will not be permitted to impeach the witness. Following Hart v. State, 15 Tex. Crim. App., 202, and other cases.

**13.—Same—Charge of Court—Definition of House of Prostitution—Consent.**

Where, upon trial of pandering, the court in his charge, properly defined a house of prostitution, there was no error in refusing a requested charge which was not applicable to the facts or the law of the case; and the question of consent of prosecutrix to enter a house of prostitution was not an issue in the case.

**14.—Same—Drunkenness—Charge of Court.**

Drunkenness is no longer an excuse or justification for crime in this State, and there was no error in refusing a special charge on that ground. Article 41, Penal Code.

**15.—Same—Charge of Court—Definition of Pandering.**

Where, upon trial of pandering, the court gave a proper definition of that offense, there was no error in refusing special charges on that issue.

**16.—Same—Charge of Court—Words and Phrases.**

Where the evidence showed without dispute that the house in which prosecutrix was placed was one of prostitution, there was no error in the court's assuming that fact in his charge; and it was not necessary to define the meaning of the words, ''prostitution,'' or ''prostitute.''

**17.—Same—Sufficiency of the Evidence.**

Where, upon trial of pandering the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of pandering; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*E. Newt Spivey* and *R. D. Allen,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted under the provisions of Sec. 1, Chap. 23, of the Act of the Thirty-first Legislature, page 29, and was convicted of pandering, his punishment being assessed at five years confinement in the penitentiary.

1. The court did not err in overruling the motion to quash the indictment, as it charged an offense under that article of the Code, and the fact that the indictment charged that he committed the offense in more than one of the modes named in the statute did not render the indictment duplicitous. Moore v. State, 37 Texas Crim. Rep., 552; Reum v. State, 49 Texas Crim. Rep., 125; Copping v. State, 7 Texas Crim. App., 61; Howell v. State, 29 Texas Crim. App., 592; Morris v. State, 57 Texas Crim. Rep., 163. The indictment alleges the offense to have been committed in Bowie County, Texas. It states that appellant ''in Bowie County, Texas, did then and there procure a place as an inmate for Goldie Stevens, a female person, in a house of prostitution kept by Ida Joplin,'' etc.

2. The court did not err in overruling the application for a continuance. It is stated that he expected to prove by the absent witnesses that the prosecuting witness', Goldie Stevens' reputation for virtue was bad in Hopkins County, just prior to her going to Bowie County, and by one of the witnesses that Goldie Stevens had told her that she had always lived a fast life, and that most of her life she had lived in cities. This would be no defense to procuring her a place as inmate in a house of prostitution, for the statute makes such conduct an offense, whether with or without the consent of the person

placed in such house. The fact that she was of such character that she might be perfectly willing to go in such house is not an issue under those grounds of the statute submitted by the court to the jury in his charge.

3. Neither was there any error in the court permitting the witness Goldie Stevens to testify. It is true she was the wife of defendant, but this Act of the Legislature specifically provides that the wife may testify against her husband when charged with this offense. Sec. 3, Chapter 23, Acts of Thirty-second Legislature.

4. No error is shown in the bill complaining of the action of the court in not permitting appellant's counsel to ask the jury certain questions. The answers the jurymen would have made are not incorporated in the bill, and no facts stated that would show that the jury or any one of them were not competent, fair, and impartial jurors. Grissom v. State, 8 Texas Crim. App., 386; Scott v. State, 27 Texas Crim. App., 264.

5. Appellant complains that the court erred in permitting the State to prove by Goldie Stevens that when leaving Hopkins County on their way to Bowie County, that defendant procured her to have carnal intercourse with one Mr. Martin, stating that he needed the money to get out of the county with her. In approving the bill, the judge states: "On cross-examination defendant proved by this witness that she knew Martin, and that defendant left the buggy next to Martin's house, brought him to her, and that she had carnal intercourse with him and she gave the money to defendant. I refused the State the right to prove these facts." As thus qualified, the bill presents no error, and when appellant accepted the bill as thus qualified and files same, he is bound thereby. Hardy v. State, 31 Texas Crim. Rep., 289; Levine v. State, 35 Texas Crim. Rep., 647; Blain v. State, 34 Texas Crim Rep., 448.

6. It was not improper to permit Bell Bryant to testify that she was present and saw appellant and Goldie Stevens married, under the allegations in the indictment. The objection made was that it was hearsay and not the best evidence. We know of no better evidence to prove the fact of marriage than one who testifies that she knew the parties, was present at their marriage, and knows they were married. Dumas v. State, 14 Texas Crim. App., 464. Neither was it error to permit the witness to testify to the marriage of defendant over the objection that "he was drunk" at the time. The witnesses were properly permitted to testify that defendant first sought to obtain a room at Bell Bryant's; failing in this, that he did obtain a room at Ida Joplin's, and that he subsequently carried his wife to each of these places, and the statements made by defendant on these occasions were properly admitted in evidence.

7. Neither was there any error in permitting the State to prove that the house of Ida Joplin was situated in Bowie County, Texas. The indictment alleging the offense to have been committed by pro-

curing and placing his wife in this house, and the indictment laid the venue in that county.

8. All of those bills which show that certain questions were propounded but the answer of the witness is not stated, nor what it was expected to be proven, present no question for review.

9. The defendant asked the witness Dock Henderson if "Goldie Stevens, the prosecuting witness, had told him she had carnal intercourse with men before coming to Hopkins County." Objection of the State to this question was sustained. The bill shows he would have answered that she had stated, about three years ago she had carnal intercourse with a young man while she was picking hops. The fact that while she was living with her father on the farm the girl had been immoral would be no defense to a prosecution under this statute. Nor was the girl's general reputation and chastity in Hopkins County an issue in the case. The issue in this case was, did appellant procure a place in a house of prostitution for Goldie Stevens as an inmate thereof? and all these extrinsic matters on collateral issues, which had no bearing on that question, were properly excluded by the court.

10. Nor was it permissible to show where Goldie Stevens was placed by another after the prosecution of this defendant had been begun. Events taking place subsequent to the commission of this offense would not be admissible unless they tended to throw some light on the transaction for which defendant was being prosecuted. It seems by a number of these bills that while the State was prosecuting defendant, defendant's counsel desired as a part of their case to prosecute his wife, but she was not on trial for any offense.

11. Where the defendant on cross-examination asks a witness a question on an immaterial matter, he is bound by the answer, and will not be permitted to impeach the witness. Hart v. State, 15 Texas Crim. App. 202; Hill v. State, 18 Texas Crim. App., 665; Rosborough v. State, 21 Texas Crim. App., 672.

12. The court in his main charge properly defined a house of prostitution, and there was no error in refusing the special charge relating thereto. There were many special charges asked, one reading: "You are instructed that if you believe from the evidence in this cause that the defendant procured a room from Ida Joplin for the purpose, use and benefit of himself and his wife, Goldie Stevens, and remained in said house for said purpose, use and benefit, you are instructed that you will find the defendant not guilty, although you should find that said house was a house of prostitution." Another reads: "If you believe from the evidence in this cause that it was understood between the defendant and Goldie Stevens that they should leave Hopkins County and enter a house of prostitution, and did so enter the house of Ida Joplin, or if you believe they formed such understanding at any time, and with such understanding did enter and remain in the house of Ida Joplin, you will find the defend-

ant not guilty by your verdict.'' The first of these was properly refused because there was no evidence upon which to base it. All the testimony shows that Goldie Stevens while in this house was receiving men and engaging in adulterous intercourse with them, and appellant knew it was a house of prostitution when he placed his wife therein. The second is not the law, under this statute, for if he left Hopkins County with her and carried her to Bowie County, with the understanding that she would enter a house of prostitution, and he procured her admittance to such house, he would be guilty, even though he did so with her consent and at her request.

13. Appellant also requested the court to charge the jury: ''You are instructed that a person who is in a state of intoxication to such a degree that he does not reasonably comprehend his acts and incapable of forming an attempt or design is, in a case of pandering, not responsible in law for his acts and conduct.'' This is not the law. Drunkenness is no longer an excuse or justification for crime in this State. (Art. 41 of the Penal Code.) Many other special charges were requested, and we have carefully considered each of them, and none of them present reversible error, viewed in the light of the charge of the court.

14. Nor was it error for the court to charge the jury: ''To procure, with or without her consent, a place as inmate in a house of prostitution for a female person, would constitute pandering.'' This is one of the definitions of pandering as laid down in Sec. 1, Chap. 23, Act of Thirty-second Legislature. All definitions of the offense in the court's charge are in strict accord with the statute, and the court did not err in refusing the special charges requested in relation thereto.

15. The court committed no hurtful error in assuming in his charge that the house of Ida Joplin was a house of prostitution. The evidence, and all the evidence, including that of defendant, shows this to be an undisputed fact. It was not necessary for the court to define the meaning of the words ''prostitution'' or ''prostitute.'' The meaning of these words are too well known and understood by all men to need defining.

16. There are some forty-eight assignments of error, many of them presenting the same question, only in different form. We cannot see that any useful purpose will be served by taking up and discussing each of them separately. Suffice it to say that we have carefully read and considered each of them. The evidence would show that Goldie Stevens, the prosecuting witness, was living with her father in Hopkins County; that she and defendant fled from that county in the night-time and went to Texarkana. Arriving there, defendant slept with her one night and carried her to the Arkansas side and there married her; that he procured a room at the house of Ida Joplin, well known as a house of prostitution, and carried his wife to this room immediately after the marriage ceremony; that she engaged in

receiving men at this house and copulating with them, the evidence being amply sufficient to show that it was with the knowledge and consent of appellant. She says she turned the money thus received over to appellant, and a witness testified that after making arrangement to spend the night at this house with appellant's wife, appellant went with him after his baggage, and while on the way to the hotel to get it, appellant told him "that the girl he (the witness) had made arrangements to spend the night with was his (appellant's) wife; that he had her at this house, making money for him; that she was a green country girl and did not know much about the ways of the world, and did not know how to dance or act in a whore-house, but that the madam would soon teach her, and when she learned he would take her to a big city and she could make lots of money for him." Appellant in his testimony, it is true, denies some of this testimony, but his testimony conclusively shows that he knew he had carried his wife to a house of prostitution, and she was having intercourse with other men. The testimony of Bell Bryant and others shows that he procured her admittance to the house and in person carried her there. Under these circumstances it is not surprising that the jury assessed the maximum penalty fixed by law, and after careful consideration of the entire record, we are of the opinion that the motion for new trial points out no reversible error.

The judgment is affirmed.                     *Affirmed.*

[Rehearing denied November 20, 1912.—Reporter.]