PETER EVANS v. THE STATE.

No. 3366. Decided January 13, 1915.

1.—Murder—Evidence—Impeaching Own Witness.

A party is only permitted to impeach his own witness when he is surprised by his testimony, and the witness testifies to facts which are hurtful to his defense, and where the witness simply failed to testify to the facts that defendant was desirous of proving by him, this would present no ground to impeach him. Following Erwin v. State, 32 Texas Crim. Rep., 519, and other cases.

2.—Same—Evidence—Immaterial Issue—Impeachment.

Upon trial of murder, there was no error in not permitting defendant on cross-examination of the State's witness to impeach him upon an immaterial issue. Following Rainey v. State, 20 Texas Crim. App., 473, and other cases.

Appeal from the District Court of Brazoria. Tried below before the Hon. Samuel J. Styles.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

A. E. Masterson, for appellant.

C. E. Lane, Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of assault to murder and his punishment assessed at five years confinement in the penitentiary.

Appellant introduced Stirks Williams as a witness, and among other things sought to prove by the witness that on the night of the difficulty he saw Charlie Taylor, the person shot by appellant, with a pistol. The witness testified: "I heard shots that night; I heard two shots and they were in rapid succession. I did not notice whether Charley Taylor had a pistol that night or not." It will be noticed that the witness testified to no fact injurious to appellant, but only failed to testify to a material fact that defendant expected to prove by him—that he saw Charlie Taylor with a pistol that night. When the witness failed to testify as appellant expected him to testify, and stated instead, "I did not notice whether he had a pistol that night or not," appellant sought

to lay a predicate to impeach him, and asked him "if he did say in the presence of Tom Hennessy, A. R. Rucks, A. E. Masterson and Bob Britton, that on the night of the alleged assault he did see Charlie Taylor with a pistol?" The court sustained an objection to this question. Appellant then introduced Tom Hennessy and sought to prove by him that he had heard Stirks Williams say that on the night of the assault he saw Charlie Taylor with a pistol and that he had cocked and presented it at him and demanded to know who it was. Appellant was desirous of proving that the prosecuting witness had a pistol that night—it was material to his defense, but could he make the proof in this indirect way? Had he been permitted to prove that Stirks Williams had made the statement, it would have been no evidence that Charlie Taylor had a pistol; it would only have been admissible as evidence to impeach the testimony of Stirks Williams. A party is only permitted to impeach his own witness when he is surprised by his testimony, and the witness testifies to facts which are hurtful to his defense. It may be that appellant was surprised at the witness declining to make this proof, but as he testified to no fact hurtful or harmful to his defense, he would not be permitted to impeach his own witness. Article 795. of the Code of Criminal Procedure provides, "that the rule that a party introducing a witness shall not attack his testimony is so far modified as that any party, when facts stated by the witness are injurious to his cause, may attack his testimony in any other manner except by proving the bad character of the witness." Had Stirks Williams testified to any fact injurious to appellant's cause, then he should have been permitted to attack his testimony, but as the witness simply failed to testify to facts that appellant was desirous of proving by him, this would present no ground to impeach him. Erwin v. State, 32 Texas Crim. Rep., 519; Dunagain v. State, 38 Texas Crim. Rep., 614; Finley v. State, 47 S. W. Rep., 1015.

When the prosecuting witness, Charlie Taylor, was testifying defendant, on cross-examination, asked him if in December, 1912, while on the interurban car between Houston and Galveston he had not had trouble with the conductor. The witness admitted having trouble with the conductor, and that they cursed each other, but he denied having a pistol, stating he had a shotgun. The appellant desired to impeach him, and offered Charlie DeBrell as a witness, and this witness would have testified that Charlie Taylor did have a pistol on that occasion. The shooting for which appellant was prosecuted took place on the 1st day of March, 1913,—some three months after the interurban car incident, and whether or not Charlie Taylor had a pistol on that occasion was not a material issue in this case, and the court did not err in sustaining the objection to the witness DeBrell's testimony. It is not permissible to impeach a witness upon an immaterial issue. Rainey v. State, 20 Texas Crim. App., 473; McCray v. State, 38 Texas Crim. Rep., 609; Holland v. State, 60 Texas Crim. Rep., 117, 131 S. W. Rep., 563.

These are all the bills of exception in the record. No exceptions were reserved to the charge as given, and no special charges requested.

The judgment is affirmed.

*Affirmed.*