### SAMUEL W. ESCUE V. THE STATE.

No. 10570.   Delivered April 13, 1927.

#### 1.—Passing Forged Instrument—Evidence—Held Sufficient.

Where, on a trial for forgery, appellant having admitted signing the name of John W. Clark to the purported forged check, but claimed that Clark authorized him to sign same, it was not incumbent on the state to disprove this statement of appellant, and the jury were warranted in either accepting or rejecting appellant's testimony.

#### 2.—Same—Continuance—No Diligence Shown—Properly Refused.

Where appellant requested a continuance on account of the absence of the witness John W. Clark, but did not show that he had ever gotten out any process for said witness, or that he knew where Clark could be found, the diligence was insufficient, and the continuance was properly refused.

#### 3.—Same—Evidence—Of Another Offense—Properly Admitted.

Where appellant claimed that he signed the name of John W. Clark to the purported forged check by authority of Clark, there was no error in permitting proof of another check being signed by appellant with the name of Lee J. Marks and passed on a·man named Davis. When there is a claim of innocent intent, or lack of knowledge, on the part of the accused, charged with forgery, or passing of a forged instrument, it is permissible to prove him in possession of other forged instruments, or that he made or passed other similar instruments, same being admissible on the question of intent.

#### 4.—Same—Evidence—How Objected To.

Where the appellant objects to the introduction of testimony the grounds of his objections, and the reasons therefor, must be clearly stated. An objection that the testimony was immaterial and irrelevant has been held too general to call for consideration at the hands of this court.

**5.—Same—Right of Counsel—To Talk to Witness—No Error Shown.**

Where the court granted counsel for appellant permission to talk to a witness, but declined to require the witness to talk in the presence of the appellant, and the witness having been placed upon the stand by the appellant, and having testified fully, there was no injury shown.

**6.—Same—Impeaching Defendant—Held Proper.**

There was no error in permitting the state to prove that appellant had been legally charged in court with another offense involving moral turpitude. Such testimony is admissible where appellant testifies as a witness in his own behalf, for the purpose of impeachment.

**7.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where appellant complains that he was not permitted to explain what he was charged with at the time he was put into the Leavenworth penitentiary, and the bill fails to set out what the rejected testimony would have been, no error is presented.

**8.—Same—Argument of Counsel—Not Improper.**

Where appellant had testified that the name of John W. Clark was signed by him to the alleged forged check by permission of said Clark, there was no error in State's Attorney discussing before the jury appellant's failure to produce said Clark as a witness, or to make any effort to have him in court.

Appeal from the District Court of El Paso County. Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction for passing a forged instrument, penalty three years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for passing a forged instrument, punishment three years in the penitentiary.

The statement of facts in this case is unusual. It does not represent the witnesses as speaking in the first person but speaks of them throughout in the third person, and is confusing to us.

Appellant was convicted of passing a check signed John W. Clark and drawn on The First National Bank of Austin, Texas, payable to the appellant or bearer, in the sum of $20.00, and endorsed on the back by appellant. Mr. Hart testified that in September, 1925, appellant passed said check to him, telling him that the check was all right, that he had had several of them and they had always gone through. The check was made out

on a blank of The Guaranty Pecos Valley State Bank of Pecos, Texas. The words "Guaranty Pecos Valley State" and "Pecos" were erased and the other words necessary to change the check into The First National Bank of Austin, Texas, were written on the blank. It was in testimony that there was no such bank in Austin as The First National Bank, and that the check was returned unpaid. The state introduced a Mr. Davis, who said he lived in Toyah, Texas, and in 1925 appellant passed a check to him drawn on a bank at Austin, signed "Lee J. Marks," made payable to appellant and drawn on the same kind of blank and with the same changes made in same as appear in the alleged forged instrument passed to Mr. Hart, forming the basis of the instant prosecution. This check was returned to the witness Davis unpaid. The state introduced another witness who testified that he had had twenty-five years' experience as a handwriting expert, and this witness testified that the signature "John W. Clark" to the forged check figuring in the instant case, and the name "Lee J. Marks" signed to the forged check shown to have been passed by appellant to witness Davis, were in the same handwriting. This witness also said that the same man who wrote Lee J. Marks on the check passed to Davis, also wrote the name Samuel W. Escue in the body of the check passed to Hart and endorsed the name Samuel W. Escue on the back thereof. The state introduced another witness who testified that appellant had been in his office apparently upon business transactions and had given the name of Bryant, and had telephoned to witness from San Antonio, Texas, and from Carlsbad, New Mexico, giving the name of Bryant, but was identified as appellant's voice, by the witness. This is the substance of the state's testimony. Appellant introduced his father and two other witnesses who testified they knew a man named John W. Clark, who was a friend of appellant, and with whom they narrated various transactions had by appellant. Appellant testified that he had known John W. Clark for about a year, and that on the occasion in question he met Clark in El Paso, and that Clark gave him the check which he passed to the witness Hart, and that Clark assured him that the check was good. Appellant testified that he told Hart what Clark said, and also told Hart that if the check was not good he would make it all right. He claimed that Clark could not write because of a cataract on his eye and at Clark's request he had signed the latter's name to the check. He denied having signed the name Lee J. Marks to the check passed to Mr. Davis. He admitted that he was being prosecuted in El Paso County for the offense

of swindling upon another check. He also admitted that he had been in the United States penitentiary at Leavenworth, Kansas.

Appellant sought a continuance because of the absence of John W. Clark, but did not claim that he had ever gotten any process for said witness Clark, or that he knew where Clark could be found. The indictment was returned in February, 1926, and the case went to trial on the 7th day of May of said year. The application for continuance is wholly lacking in a showing of diligence.

Appellant has a bill of exceptions complaining of the refusal of an instructed verdict of not guilty, the claim being that the state did not show his lack of authority to sign the check mentioned in evidence. It is not incumbent upon the state to disprove the testimony of the accused in any particular. The circumstances seem to establish that said check was a forgery. It was drawn upon a bank non-existent, and upon exactly a similar blank as used by appellant in another instance where he signed the name of a different party to a check from that used by him in the instant case. We think the facts in evidence ample to establish the fact that the check in question was a forgery. There was no testimony before the court and jury, save that of appellant, in anywise indicating that John W. Clark had anything to do with the alleged forged check which was proven to be in the handwriting of the appellant. We think the state sufficiently assumed and discharged the burden upon it of establishing that the check was passed by appellant, knowing same to be forged.

There is complaint of the introduction of the check signed Lee J. Marks, passed to the witness Davis. When there is a claim of innocent intent or lack of knowledge on the part of the accused charged with forgery or the passing of a forged instrument, under all the authorities it is permissible to prove him in possession of other forged instruments, or that he made or passed other forged instruments similar to or about the time of the one made the basis of the instant prosecution. We think the bill without merit.

Appellant's bill of exceptions No. 7 presents the proposition that he objected to certain evidence upon the ground that it was immaterial and irrelevant. This has been held too general to call for consideration at the hands of this court.

There is a bill of exceptions complaining of the fact that the court refused appellant's counsel permission to talk to a witness in the presence of appellant. The bill shows that the court granted counsel permission to talk to the witness all he pleased,

but declined to require the witness to talk in the presence of appellant. The witness was placed on the stand by appellant, and testified fully, and we fail to see how any injury could have resulted. It was permissible for the state to show that appellant had been legally charged in court with another offense involving moral turpitude, as affecting his credibility as a witness.

There are two bills of exception complaining of reference to the fact that appellant had been indicted for forgery of the check passed to Mr. Davis and signed Lee J. Marks; and to the fact that appellant was asked if he did not know he was wanted in Reeves County for said forgery. We do not perceive the merit of either complaint.

Appellant while on the witness stand was asked if he had not been confined in the Federal penitentiary and admitted that he had. On re-direct examination by his attorney he was asked if he was not pardoned, and replied that he was paroled. Complaint is made of the fact that the court declined to permit appellant to testify what he was charged with, at the time he was put into the Leavenworth penitentiary. The bill does not show what the witness would have answered. No error is shown.

In his argument to the jury the State's Attorney referred to the fact that appellant claimed the check was signed by John W. Clark, but that Clark was not present, and that if defendant wanted him he should have had him in court. This argument was objected to. We see no merit in the objection. Appellant did claim that the check in question was signed by him for and at the instance of and upon the authority of John W. Clark. It being admitted by appellant, and being without controversy that no process had been sought to get said Clark, we see no reason why the state might not refer to the absence of said witness.

We have carefully gone over the various complaints made in this record, and being unable to agree with any of them, the judgment will be affirmed.

*Affirmed*