### JOHN STRATFORD V. THE STATE.

No. 11135.   Delivered November 9, 1927.

**1.—Passing a Forged Instrument—Evidence—Properly Admitted.**

Where appellant was on trial for passing a forged check there was no error in permitting the introduction of the purported forged instrument, on the back of which the word "forgery" had been written by the bank that refused its payment, there being ample testimony from other sources establishing that the check was a forgery.

**2.—Same—Argument of Counsel—Invited, if Error.**

Where counsel for appellant had discussed in his argument the written word "forgery," which appeared on the back of the purported forged check, counsel for the state was in proper limits in answering the remarks of his adversary.

**3.—Same—Evidence—Properly Received.**

Where, on a trial for passing a forged check, certain envelopes and papers which were taken from the person of appellant after his arrest, and which were relevant, were properly admitted in evidence. See Jones v. State, 85 Tex. Crim. Rep. 538, and other cases cited.

Appeal from the District Court of El Paso County. Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction for passing a forged instrument, penalty three years in the penitentiary.

The opinion states the case.

*C. M. Wilchar* of El Paso, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is knowingly passing a forged instrument, punishment fixed at confinement in the penitentiary for a period of three years.

Appellant became a guest of the Hotel Sheldon at El Paso, Texas, of which P. C. Steele was manager and Jerry Denton,

assistant manager, registering as John Stratford of Los Angeles. After some negotiations with Steele, the appellant deposited with the hotel a check of which the following is a copy:

"Globe, Arizona, Jan. 10, 1927.
"The Valley Bank
88-4
"Pay to the order of John Stratford $125.50
One Hundred and twenty-five & no/100—Dollars
    Personal a/c
Countercheck                                      W. G. McBride."

The check was forwarded for collection and the appellant obtained two cash advancements upon it for ten dollars, giving in each instance an "I O U." The check was ultimately returned dishonored. According to the witness Denton, after the check was returned, a conversation took place between himself and the appellant. The conversation first took place over the telephone and later in a personal interview, of which latter the witness Denton said:

"Mr. Stratford came over and I met him in the lobby and I said, 'Before we give you any more money on this check I want to find out what this check is; what it was for; why you had the check'; and he said he would be glad to tell me anything about it, so I asked him who this man McBride was, and he said he was some big rich man that had plenty of money. I asked him if he was sure the check would be all right and he said he was. I asked him, 'Do you know McBride?' and he said that he did. I asked him why McBride had given him this check and he said it was in payment of some kind of work he had done for him and that Mr. McBride had been in El Paso that day and gave him that check—he made two statements; at first he said it had been given to him, then later he said that it had been mailed to him. Then I asked him if he knew Mr. McBride's signature, if he knew the check was Mr. McBride's, and he said he did. I asked then if he was sure Mr. McBride had signed it and he said he was. Then I told Mr. Stratford that the check had come back with the notation 'forgery' on there. He showed me an envelope in which the check was purported to have come to him; this is the envelope, because I put my name on there; he said he received the check through the mail in this envelope.

"Then he says, 'Well, I will tell you, this man McBride was in El Paso today and he told me he would mail me this money tonight and the check came in; your clerk gave it to me'—and

I think he said the clerk gave it to him, and he says, 'Here's the envelope it came in.' He said, 'There must be a mistake somewhere.' He said Mr. McBride was loaning him this money— he had said it was in payment of a debt of some kind for work, then he said he loaned him the money and mailed it, not having a check at the time or being in a hurry or something like that."

According to the testimony of the witness Scott, cashier of a bank in El Paso, about the time of the transaction upon which the prosecution rests, appellant deposited with the bank of which Scott was an officer two checks for account, which were accepted for collection. These checks were returned dishonored, and the state introduced various items of testimony tending to show that they were forged. Included therein were the contradictory statements of the appellant, similarity of handwriting and the use of an assumed name. No testimony was introduced by the appellant.

The complaint of the introduction of the memorandum "forged" on the back of the check upon which the prosecution is founded is not deemed error, when considered in connection with the testimony to the effect that the indorsement was exhibited and became a part of the conversation with the witness Denton, in which the appellant endeavored to explain his connection with the check. Appellant's counsel having in argument commented upon the indorsement mentioned, state's counsel was within proper limits in answering the remarks of his adversary.

Certain envelopes and papers which were relevant to the issue of forgery of the check in question, were not rendered inadmissible by the fact that they were taken from the person of the appellant after his arrest. See Jones v. State, 85 Tex. Crim. Rep. 538; Agnello v. United States, 46 U. S. Sup. Ct. Rep. 4; 70 Law Ed., p. 1.

Evidence of the passing of other forged instruments about the time of the alleged offense was properly received on the issue of guilty knowledge in passing the check in hand. See Ham v. State, 4 Tex. Crim. App. 645; Wharton's Crim. Ev., 10th Ed., Vol. 1, p. 135, Sec. 35; Fry v. State, 83 Tex. Crim. Rep. 507.

The judgment is affirmed.

*Affirmed.*