# M. L. Hancock v. The State.

No. 15453.   Delivered December 14, 1932.
Rehearing Denied February 22, 1933.
Reported in 57 S. W. (2d) 111.

The opinion states the case.

*Harris & Harris* and *James R. Boyd,* all of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is forgery; the punishment, confinement in the penitentiary for two years.

Appellant went to the Cabaniss Furniture Company and advised H. W. Hieling, a salesman, that he desired to buy a stove, stating to Mr. Hieling that his name was Henry Lewis. After purchasing the stove, appellant produced a check drawn on the American National Bank of Austin, Texas, dated September 26, 1931, payable to the order of Henry Lewis, in the sum of $18, and signed "M. L. Hancock." Endorsing the name, "Henry Lewis," on the back of the check, appellant delivered the check to Mr. Hieling and received $15.50 in money. Mr. Hieling testified: "He (appellant) gave me a certain address to take the stove to, and I went with the boys and it was a different address." Further, he testified that he went to the address that appellant gave him and made a search for appellant, taking several hours. He said this place was supposed to be an "eating joint." Again, he said he looked in the directory and did not find the name of Henry Lewis listed at that address. Without objection on the part of appellant the state proved by a deputy sheriff that one of his associates made a search for Henry Lewis in an effort to execute a subpoena, and returned the subpoena with the statement that there was no such person. This subpoena was introduced in evidence without objection. It appears that one Henry Lewis, who had lived at 1605 East 12th Street, had been dead for two years, but that his name

was still listed in the telephone directory. Further, it appears that appellant gave M. L. Hancock's address as 2105 Nueces Street, and the address of Henry Lewis at 1620 Washington Avenue. In addition to proving that no person named Henry Lewis lived at 1620 Washington Avenue, the state showed that appellant did not live at 2105 Nueces Street at the time he executed the check. Appellant did not testify in his own behalf, and introduced no witnesses.

In his motion to quash the indictment, appellant averred that in a single count there were inconsistent allegations, his position being that it was charged that the check was a forgery in contemplation of article 979, P. C., and also that he (appellant) committed the offense of forgery by alteration, as defined in article 984, P. C. The indictment charges, in substance, that appellant, with intent to injure and defraud, made a false instrument in writing purporting to be the act of another. Following this averment, the check is set out, as is also the endorsement of the name, "Henry Lewis." Immediately following the check and endorsement, we find this allegation: "And said endorsement being then and there the false and forged portion of said instrument." Appellant's name is M. L. Hancock. On the face of the check it is shown to have been executed by M. L. Hancock. In the absence of the allegation that the endorsement was forged, the indictment would charge no offense. Where the alleged forged instrument purports to bear the true signature of the accused an offense is not charged in the absence of an explanatory averment making plain the fact that while the signature appears to be that of the appellant, it is in fact an imitation of that of another person. Carnahan v. State, 110 Texas Crim. Rep., 550. The opinion is expressed that, considered in its entirety, it is clear that the averment that appellant made "a certain false instrument in writing" refers to the endorsement. See Richards v. State, 29 S. W. (2d) 367; Strang v. State, 32 Texas Crim. Rep., 219, 22 S. W., 680.

The indictment embraced a count charging appellant with having passed a forged instrument to Cabaniss Furniture Company, a corporation. In the count charging forgery there was no allegation that Cabaniss Furniture Company was a corporation. Bill of exception No. 2 shows that prior to an election, the state proved by Mr. Hieling that Cabaniss Furniture Company was a corporation. After the state had concluded its testimony, the district attorney elected to prosecute for forgery and the count charging appellant with passing a forged instrument was withdrawn. After the election had been made, appel-

lant offered to prove that Cabaniss Furniture Company was not a corporation, but upon objection by the state the proof was rejected. There was nothing in the count upon which appellant was convicted rendering relevant and material proof that the company was incorporated. After the election by the district attorney the matter became collateral and immaterial to any issue in the case. It is recited in the bill of exception that the proof was offered for the purpose of impeaching the state's witness. It is not permissible to impeach a witness on an immaterial matter. Branch's Annotated Penal Code, sec. 165; Evans v. State, 172 S. W., 795.

At the conclusion of the testimony, appellant made a motion for an instructed verdict based on the ground that it had not been shown that he was without lawful authority to sign the name of Henry Lewis. Appellant stated to Mr. Hieling at the time he endorsed the check that his name was Henry Lewis. The proof was positive that his name was M. L. Hancock. A search for Henry Lewis by a deputy sheriff proved futile. Appellant gave false addresses. No person named Henry Lewis lived at the place appellant designated and described. The circumstances taken together are, in our opinion, sufficient to meet the requirement of the law.

Appellant objected to the charge of the court for its failure to submit an instruction covering the law of circumstantial evidence. The proof was direct that appellant endorsed the name, "Henry Lewis," on the check. We are aware of no case that has been reversed because of the failure to charge on circumstantial evidence where there was direct evidence that the alleged forged instrument was written by the accused. That appellant endorsed the check as alleged was the main fact to be proved. Johnson v. State, 200 S. W., 522. A charge on circumstantial evidence is not required where the evidence is not wholly circumstantial. Branch's Annotated Penal Code, sec. 1874; Lawler v. State, 9 S. W. (2d) 259. The main fact was not proved as a matter of inference from other facts in evidence. Hence, in a legal sense, the case did not rest wholly upon circumstantial evidence. Branch's Annotated Penal Code, sec. 2367; Robertson v. State, 26 S. W., 508.

Appellant timely and properly objected to that part of the charge of the court wherein the jury were instructed, in substance, to convict appellant if they believed from the evidence beyond a reasonable doubt that, with intent to defraud and without lawful authority, he falsely made the instrument in writing described in the indictment, and if they further believed from the evidence beyond a reasonable doubt that the

endorsement on the instrument was false and forged. The exception was that the charge submitted forgery, as well as forgery by alteration. If the charge is susceptible of the construction contended for—and this is not conceded—we are unable to reach the conclusion that the error was calculated to injure the rights of appellant. The proof was undisputed that appellant wrote the endorsement. Before they could convict, the jury were required by the charge to find beyond a reasonable doubt that appellant forged the endorsement. The testimony is sufficient to support the conviction. Appellant introduced no witnesses controverting the state's case. The minimum penalty was assessed. Under the provisions of article 666, C. C. P., we are not permitted to reverse a judgment for an error in the charge, unless such error was calculated to injure the rights of the accused, or unless it appears from the record that the accused has not had a fair and impartial trial.

It is recited in the bill of exception, No. 9, that, after the evidence had been concluded and the argument had begun, the assistant district attorney used language as follows: "Gentlemen of the jury, the case stands before you upon the state's evidence, uncontroverted. The testimony of the state is not disputed."

The bill embraces appellant's objection to the effect that the language of the assistant district attorney constituted an allusion to appellant's failure to testify. Nowhere in the bill of exception is it certified that appellant had not testified in his own behalf. This was essential. Texas Jurisprudence, vol. 4, p. 396; Cuellar v. State, 7 S. W. (2d) 565, and authorities cited. Further, the bill of exception fails to show that there were no witnesses other than appellant who could have given testimony contradictory of the state's case. In this respect the bill is insufficient. Gonzales v. State, 18 S. W. (2d) 618; Texas Jurisprudence, vol. 4, p. 398.

Bills of exception Nos. 11 and 12 relate to argument on the part of the district attorney. It is recited in these bills that appellant objected and excepted to the argument at the time it was made. It is not shown what action the court took. Without setting out the language used by the district attorney, it appears that in the course of his argument he referred to appellant as a crook, and stated that appellant told a d—d lie when he endorsed the check. The uncontroverted testimony of the state was to the effect that appellant made a false statement when he presented the check and appropriated the money belonging to Cabaniss Furniture Company. If the state's testimony was to be believed, appellant was dishonest. The tes-

timony showing guilt was plain and uncontroverted. The minimum penalty was assessed. Conceding that the remarks were improper, the opinion is expressed that, under the facts reflected by the record, we would not be warranted in ordering a reversal. The result is referable to the judgment of the jury upon the uncontroverted testimony rather than to prejudice resulting from the argument. See Franklin v. State, 283 S. W., 802.

The judgment is affirmed.

*Affimed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have considered the well-reasoned and ingenious motion for rehearing filed by appellant. We do not think the fact that the alleged forged check bore addresses and notations not set out in the haec verba description thereof in the indictment would be such variance as would call for reversal. Authorities are cited in Branch's Annotated P. C., sec. 1397.

It is only when a case rests entirely on circumstantial evidence that the court must charge on that theory. We do not think this such a case. The averment was that appellant forged an endorsement of the name of Henry Lewis on the back of a check, which was set out. The proof showed without contradiction that appellant's name was M. L. Hancock and not Henry Lewis, and that he presented said check to a business concern in Austin, and told the clerk who waited on him that his name was Henry Lewis, and in the presence of said employee he endorsed on said check the name of Henry Lewis as his own. This was direct proof of the fact of the alleged forgery and obviated the necessity for a charge on circumstantial evidence.

Appellant introduced no testimony, and asked no special charges. He sought to prove that the concern alleged in the second count of said indictment, as being the party to whom the check was passed as alleged therein, was not incorporated, his reason for the admission of such testimony being that it contradicted and impeached the testimony of the employee who had been asked and repeatedly answered that the concern was incorporated. The second count was not submitted to the jury. We think the matter correctly passed on in our original opinion as one of immateriality.

We have carefully gone over the case in the light of appellant's motion. We are unwilling to say that there was not proof sufficient that Henry Lewis was dead, and that no such person lived in Austin. The facts seem sufficient.

The motion for rehearing will be overruled.

*Overruled.*