## John W. Thompson v. The State.

No. 20394. Delivered May 24, 1939.

The opinion states the case.

*C. R. Carpenter* and *Hill Stewart,* both of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for knowingly passing a forged instru-

ment. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant presents two grounds upon which he relies for a reversal of the judgment. The first is that the court erred in overruling his second motion for a continuance. The application was based on the absence of three witnesses. It appears from the record that appellant was indicted on the 27th day of May, 1938. The case was set for trial on June 7th, at which time he applied for a continuance because of the absence of Ernest Allen Wilkins, Pat J. Anderson and G. L. Thuett. This application was granted. On November 28th, he made his second application for a continuance based on the absence of the same three witnesses who, according to the returns of the subpoenas, could not be found in the counties to which process was issued. The record fails to show that between June 7th and November 28th the appellant exercised any diligence or made any effort to locate said witnesses and have them served. Consequently, he has failed to show the exercise of proper diligence. Under the circumstances reflected by this record, no reversible error is shown. See Branch's Ann. P. C., Secs. 314 and 315; Jackson v. State, 280 S. W. 836; Butler v. State, 100 S. W. (2d) 707; Rogers v. State, 95 S. W. (2d) 108.

His second contention is based on the insufficiency of the testimony to sustain his conviction. We are not in accord with him. The evidence shows that appellant owned and operated a garage and repair shop in the City of Lubbock, known as the Plains Body & Fender Works. He had several employees working for him, among them one Cleo Bill Golden. Sometime between the 1st and 10th of April, L. G. Thuett, (who resided near Post in Garza County), had a fender and hub cap of a Chevrolet car, which belonged to his son, repaired. Thuett paid appellant $7.10 in cash, the amount charged for the service, and requested a bill, which he desired to present to the father of the boy who had caused the damage. A bill was made out and handed to Thuett as requested. A few days later, appellant passed a check to Cleo Bill Golden, in payment of services, which reads as follows:

Post
"Tahoka, Texas, April 2nd 1938 No.———
THE FIRST NATIONAL BANK 88-726
Pay to the order of Plains Body & Fender Works, $7.10
Seven and 10/100 Dollars.
For work on fender and hub cap.
G. L. Thuett.
"Sig. ?    (NP 88-436)"

This check was passed by Golden to George Pilley in payment for groceries. Pilley ran it through the bank in the usual manner, but it was returned. He sent it to appellant, who returned it after striking out the work "Tahoka" and inserting above it "Post." It was deposited with the bank for collection, but again returned. Pilley then took the matter up with appellant who promised to take it up but failed to do so.

Mr. Weakley testified that he had lived in Garza County for twenty-seven years; that he was engaged in the banking business at Post. That in all of the twenty years he had never known or heard of a man by the name of G. L. Thuett. That he knew L. G. Thuett but did not know G. L. Thuett. The Sheriff of Garza County testified that when he received a subpoena for G. L. Thuett, he made an effort to locate him but failed. The Sheriff of Lynn County testified that he had been sheriff for eight years. That he received a subpoena for G. L. Thuett but was unable to locate any such person. That he checked the tax rolls and made inquiry at the post-office, bank and the office of the W. P. A. but failed to find him. Many business men testified that they did not know, nor had they ever heard of such a person.

Graham, an employee of the Dryer-Lee Oil Company, testified that on March 12, 1938, he had a business transaction with appellant, who purchased some gasoline from him and paid him with a check which read as follows:

"First National Bank   No. 346
Brownfield
"Lubbock, Texas, Mar. 12th 1938
Pay to the order of Plains Body & Fender Works $17.50,
Seventeen & 50/100 Dollars
Work on 1937 Plymouth.   Plains Body & Fender Works
By O. A. Cowan."

Endorsement: "Plains Body & Fender Works"
"Sam Graham"
"Pay to the order of First National Bank,
Lubbock, Texas, 88-437, for deposit only,
Dryer & Lee Oil Co., Inc."

It was shown that no man by the name of O. A. Cowan lived in or near Brownfield and such person had not been heard of in that county.

A. Sansom, who owned and operated a paint and paper shop in Lubbock, testified that on the 10th day of March, 1938,

appellant gave him a check in payment of paper and paint, which read as follows:

"The First National Bank     88-1236
Post, Texas, Mar 10th, 1938.
Pay to the order of Plains Body & Fender Works $21.75,
Twenty One & 75/100 Dollars.
Work on car.                              A. J. McCraw"
No A/c NP 88-437
  Endorsement: "Plains Body & Fender Works"
     "For deposit only,
Sansom Paint & Paper Company" and "Federal
Reserve Bank stamp."

There was testimony to the effect that this check was not paid and that no such man was known in and about Post.

L. D. Rankin testified that he was the manager of the M. C. Davis Supply Company in Lubbock, Texas. That on or about the 7th day of April, 1938, he had a business transaction with appellant, who passed a check to his Company in payment of merchandise, which read as follows:

"Tahoka, Texas, April 7th 1938
The First National Bank     88-726
Pay to the order of Plains Body & Fender Works $4.50,
Four & 50/100 Dollars.
For work on 1936 Ford.                    G. L. Cathey."
No Acct.

Endorsement: "Plains Body & Fender Works"
"Pay to the order of First National Bank, Lubbock, Texas.
M. G. Davis Supply Company."

On March 26, 1938, appellant passed to George Birdwell a check in the sum of $17.85 which apparently was drawn on the First State Bank of Ropesville, Texas, by one C. A. Raulee and payable to the Plains Body & Fender Works for work done on a truck. It was shown by the testimony that no person by the name of C. A. Raulee or Riley lived at Ropesville or anywhere in Hockley County. It was further shown by bankers, who had much experience in handwriting and comparisons of handwriting, that the signatures to the checks were made by one and the same person. None of the checks were ever paid. Appellant did not testify or offer any affirmative defense.

We deem the evidence sufficient to sustain the jury's conclusion of appellant's guilt.

Appellant urged a number of objections to the court's charge,

limiting the testimony of the other checks to knowledge, intent and system of appellant. We have examined the charge in the light of the objections addressed thereto and reached the conclusion that none are well taken.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.