WALTER GORDON v. THE STATE.

No. 20960. Delivered February 14, 1940.
Rehearing Denied March 27, 1940.

638

The opinion states the case.

*Price & Moss,* of Post, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is knowingly passing a forged instrument; the punishment assessed is confinement in the State penitentiary for a term of two years.

The testimony adduced by the State, briefly stated, shows that on October 21, 1939, appellant passed to Ashley Lawson a forged check in the amount of $10.50, purporting to have been drawn by L. W. Kitchen upon the First National Bank of Post, Texas, and payable to R. E. Webb. L. W. Kitchen testified that the signature to the check was not in his handwriting, and that he had not authorized any person to sign his name thereto. It was further shown that on the same day and only a few hours prior to the time appellant passed the check in question to Lawson, he passed a check in every respect similar (except in amount) to Bud Speck. Appellant did not testify or offer any affirmative defense.

Appellant's first contention is that the evidence is wholly insufficient to sustain his conviction in this: That the State failed to show appellant had knowledge that the instrument in question was forged at the time he passed it. Knowledge of that fact may be shown by circumstances or may be inferred from facts and circumstances proven. The proof in the instant case shows that appellant was in possession of two forged checks on the 21st day of October, 1939. This, in our opinion, is sufficient to authorize the jury to reasonably conclude that appellant knew the check in question was a forgery at the time he passed it. See 26 C. J. 961 and 962; Hagar v. State, 71 Ga., 164.

Appellant also contends that there is a fatal variance between the allegations in the indictment and the proof, in that it was averred in the indictment that the figures "10-21-1939" appearing on the face of the indictment, meant and was intended to mean October 21, 1939, while there is no proof of what was meant by said figures. The testimony of Lawson shows that appellant passed the check in question on October 21, 1939, and the check bearing said figures was introduced in evidence. This met the innuendo averments. A somewhat similar question to the one here presented has been recently passed on by this Court in the case of Daily v. State, 135 Tex. Crim. Rep., 655, 122 S. W. (2d) 628. See also Boles v. State, 13 Tex. App. Rep., 657; Dixon v. State, 26 S. W. 501; Duncan v. State, 90 Tex. Crim. Rep., 479; 236 S. W., 468; Rouse v. State, 98 Tex. Crim. Rep., 586.

By bill of exception number one, appellant complains of the introduction in evidence of the second check passed by appellant to Bud Speck on the same day and which was in

every respect identical with the check which was the basis of this prosecution, except the amount therein specified. It was shown that this second check was also forged. This check was admissible upon the issue of intent and knowledge. See Stradford v. State, 299 S. W., 418; Escue v. State, 106 Tex. Crim. Rep., 506; 294 S. W., 202 and authorities cited; 18 Tex. Juris., pp. 70-74; Hanson v. State, No. 20673 recently decided by this Court but not yet reported.

Appellant urged a number of objections to the court's charge. The main objection here urged thereto is that the court instructed the jury that if they believed from the evidence beyond a reasonable doubt that the instrument set out in the indictment was forged, and they further believed that the defendant, knowing the same to be a forged instrument did knowingly pass as true, etc. His objection to said charge is (1) That by said instruction the court, in effect, told the jury that the defendant knew the check was a forgery. (2) Because there is no positive instruction to the jury that they must believe beyond a reasonable doubt that at the time he passed the alleged forged check, if he did, that he knew it was a forgery, etc. It is quite obvious that the first contention is without merit. Insofar as his second contention is concerned, the court cured any error, if error there was in said charge, by giving appellant's special requested instruction relative to the subject. He now for the first time in this Court complains that the charge and his specially requested instruction, which the court gave, are in conflict. Art. 658, C. C. P. requires an appellant to distinctly specify each ground of his objection to the charge. See Guse v. State, 97 Tex. Crim. Rep., 212; 260 S. W., 852; Roberts v. State, 99 Tex. Crim. Rep., 492.

We have carefully reviewed all other complaints made by appellant and reached the conclusion that none present any reversible error.

The judgment is accordingly affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.
The motion for rehearing in this case presents nothing re-

quiring further consideration than that given in the original opinion. We think, after a careful review of all the facts and the record, that it was properly disposed of in the original opinion. Accordingly, the motion for rehearing is overruled.