## C. B. (BUD) JONES v. THE STATE.

No. 22076. Delivered April 15, 1942.

The opinion states the case.

*T. D. Rowell, Sr.*, of Jefferson, for appellant.

6

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of knowingly passing a forged instrument. The punishment assessed is confinement in the State penitentiary for a term of three years.

The only question presented for review is the sufficiency of the evidence to support the conviction. In order that this opinion may clearly reflect the basis for our conclusion, we deem it proper to state in substance the evidence introduced on the trial. W. A. Grey testified that on the 21st day of May, 1940, he was engaged in business in Marion·County, Texas; that on or about that date appellant purchased some merchandise and in payment thereof offered him a check in the sum of $33.15 purporting to have been drawn by one, F. C. Franklin, on the Kilgore National Bank and payable to appellant; that Grey told appellant he could not cash it, to which appellant replied, "Just keep it and run it." He said he would be back and then left. However, he came back the next day and made other purchases which, together with the purchases made on the previous day, amounted to $12.00, leaving a balance due appellant of $21.15; that he left and never came back for the balance of the money. When the check was presented to the Kilgore National Bank payment was refused because F. C. Franklin, the purported drawer of the check, had no money or account with said bank and had never had an account there at any time. The check, after having been identified as the one appellant passed to Grey, was introduced in evidence. The cashier of the Kilgore National Bank testified that he had held that position with said bank for the past ten years; that F. C. Franklin did not have an account with said bank and had never had any funds there; that he (witness) did not know of any F. C. Franklin in Gregg·County and had never heard of such a person.

The Sheriff of Gregg County testified that he had held that position for the past four years; that for eight years previous thereto he had been a deputy sheriff; that he had made five campaigns for public office in that county and as a result was well acquainted with the citizens of the county but did not know of any person in the county by the name of F. C. Franklin.

Appellant took the witness stand and testified in his own behalf. He insisted that F. C. Franklin wrote the check in question; that he saw him write it; that Franklin came through the country buying scrap iron; that he (appellant) sold some oil-well pipe to Franklin and received from him the check in question; that he had not seen Franklin since that time but heard that he was in Centralia, Illinois; that he had never tried to get in touch with him. Although there is no direct evidence that appellant knew at the time he passed the check that it was a forged instrument, yet all the pertinent circumstances proven are deemed sufficient upon which the jury could base a verdict finding him guilty of the offense charged. The most significant circumstance showing appellant's knowledge that the check was a forgery is the fact that he did not come back to collect the balance of $21.15 due him in the transaction nor that he made any effort to find F. C. Franklin and have him appear to testify or to take his deposition in the event he was beyond the jurisdiction of the court. Another strong circumstance showing the non-existence of F. C. Franklin is the testimony of the sheriff who made five political campaigns, seeking the acquaintance of the voters of the county with a view of soliciting their support, but he did not know of any person by the name of F. C. Franklin. Candidates for public office make it their business to become acquainted with every voter in the county; and when they fail to find any person by a given name, it is very cogent evidence that there is no such person in the county. We think the following authorities support the verdict of the jury: Thompson v. State, 128 S. W. (2d) 821; Cox v. State, 244 S. W. 605; Fry v. State, 215 S. W. 560. See also Gordon v. State, 137 S. W. (2d) 1023; Garcia v. State, 266 S. W. 1100.

From what has been said it follows that the judgment of the trial court should be affirmed and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.