# OCTOBER 13, 1943

ALBERT BROOKS, *alias* BLACKY BROOKS V. THE STATE.

No. 22565. Delivered June 23, 1943.
Rehearing Denied October 13, 1943.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Robbery is the offense; the punishment, ten years' confinement in the State penitentiary.

Marshall, the injured party, was the night manager of the B & B Food Store in Abilene. He identified appellant as the man who came into the store at about 2:00 A. M. and, while using and exhibiting a shotgun, robbed him of approximately $200.00.

The witness Glasgow, who appeared at the store about the time the robber was leaving, expressed the opinion that appellant was the man he saw leaving the store.

*Appellant did not testify as a witness in his own behalf,* nor did he offer any affirmative defensive testimony.

Counsel for the appellant cross-examined the witness Marshall at length, touching his identification of the appellant, and produced two pictures, or photographs, of negroes. He endeavored to have the witness Marshall testify as to whether or not the pictures so exhibited to him were of the same, or of two different persons. The State's objection to the questions propounded, seeking to elicit the opinion of the witness, was sustained. Appellant insists that such was error.

The facts did not raise the issue that some person other than appellant committed the offense, nor that appellant did not in fact do so. The sole issue was whether the appellant committed the offense charged. The proffered testimony was inadmissible under the rule prohibiting impeaching a witness by the use of and upon collateral and immaterial matters. Evans v. State, 172 S. W. 795, 76 Tex. Cr. R. 56; Stevens v. State, 150 S. W. 944, 68 Tex. Cr. R. 282.

It appears that a man by the name of Kizer came to the store about the time the robber left, and that he was in position to see and to observe the robber and to identify him. Kizer did not testify upon the trial of the case. Counsel for the appellant offered in evidence the subpoena, showing that Kizer had been summoned by the State. The record does not directly reflect the appellant's purpose in so doing, but presumably it was done to show that the State had not produced all the available witnesses who were in position to identify the robber. As explanatory of the matter, the district attorney stated that Kizer was expected to be in attendance upon the court, and that he did not want to delay the trial of the case pending the arrival of the witness; whereupon, and in connection with such statement, the district attorney said: "I have a statement I offer to show Mr. Martin (appellant's counsel) or I will let the jury have, if he doesn't object to it. Signed by Mr. Kizer." In connection with such statement, the district attorney produced a paper which he unfolded and threw onto the counsel table.

Appellant excepted to this conduct on the part of the district attorney and to the statement made in connection therewith. No ground or basis for the exception was stated, and the bill of exception fails to reflect why the appellant excepted thereto. No motion was made asking that the jury be instructed to disregard the matter.

As the matter is presented, we are unable to see wherein any prejudicial error was committed. Moreover, the action of ap-

pellant's counsel relative to the absence of the witness Kizer invited an explanation by State's counsel as to why Kizer was not used as a witness. If appellant were injured in the matter, it was by reason of his having invited it.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a formal motion for rehearing presenting the same matters considered in the original opinion.

It is contended that the court was in error in sustaining the trial court's ruling which denied appellant the right to further cross examine the witness D. A. Marshall as to the correctness of two purportedly conflicting statements made by him. Resort was had to the time worn custom of asking the witness if he was as sure of one specified statement as he was of another quoted one. The court sustained the prosecution's objection to this question. Common as it is to pursue this method of examing witnesses, we do not see how error could be predicated on the court's failure to indulge it. If the witness had answered that he was, the jury would be in no better position to judge the credibility of the witness in case of the contradictory statements, if such there be, and his answer would throw no light on the facts before them. The bill fails to show what answer would have been given. If proof could be made positive that such other statement was untrue (which is not done in the record), there would still be no difference. The answer that he might have given could have no greater force than the argument of counsel which he was privileged to make independent of the question and its answer, for he could as clearly point out such conflict without the admission as with it.

We think the original opinion sufficiently discusses all other questions called to the attention of the court. The motion for rehearing is overruled.