Willodean Carolyn WOOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 41945.

Court of Criminal Appeals of Texas.

April 23, 1969.

Rehearing Denied June 4, 1969.

Don Metcalfe, Dallas, court appointed on appeal only, for appellant.

Henry Wade, Dist. Atty., Charles H. Erwin, James Alton Mills, Jr., Kerry Fitz-Gerald and Malcolm Dade, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for passing as true a forged instrument; the punishment, five years.

The record reflects that appellant presented and passed to John W. Copeland, store manager of a Tom Thumb Store in Garland, a check as follows:

"
$\frac{32–87}{1110}$

No. 3

PAY TO THE ORDER OF _____ Tom Thumb _____     DATE May 27 _____ 19 67     $ 30.00

Thirty _____ 00/100

_____ DOLLARS

STATE BANK
EMPIRE     OF DALLAS
Dallas, Texas

Mrs. Joyce Felts
8448 Freeport Rd.
DA 1 9762

1110—008                    0000003000     "

A picture of appellant and the check was made at the store when she cashed the check. There was no account under the name of Mrs. Joyce Felts at the bank upon which the check was drawn.

In the first ground of error, it is contended that the trial court erred in refusing a requested charge that the State must prove beyond a reasonable doubt that appellant knew the check was forged, or if the jury had a reasonable doubt to aquit her. The trial court instructed the jury:

"* * * if you find and believe from the evidence beyond a reasonable doubt that the defendant, Willodean Carolyn Wood * * * did wilfully, knowingly and fraudulently pass as true, * * * and there well knowing the said instrument in writing to be false and forged * * * to find her guilty.

"If you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof,

then you will find the defendant not guilty."

■ The instruction given by the trial court was in substance the same as the instruction requested by appellant.[1] No error is shown.

■ Complaint is made in the second ground of error that the trial court erred in permitting the State to introduce records of a conviction for "false pretenses" from Alabama at the penalty stage of the trial, because there was no legible seal on the records, and she was not furnished counsel on appeal. The trial court found that the seal was dim but legible. Even if there had been no seal, no error would be shown, because appellant testified that she had been convicted for the offense.

■ As to her contention that she was not provided counsel on appeal in the Alabama case, the record shows that she had appointed counsel and entered a plea of guilty and after the trial asked to withdraw her appeal. She testified that she had entered a plea of not guilty and did not appeal, because the judge would not appoint her a lawyer. The trial court was not required to believe her testimony that she was denied counsel. No error is shown.

■ Improper argument is alleged as the basis of the third ground of error. It is contended that the following argument was made: "It is a reasonable deduction from the evidence that the Defendant wrote the check or that it was written under her direction." The record does not contain the argument at the guilt stage of the trial. There is no formal or informal bill of exception in the record showing this argument was made, and nothing is presented for review. There was no compliance with Art. 40.09, Secs. 4, 6(a) or 6(b), Vernon's Ann. C.C.P.

■ The fourth ground of error relates to argument of the prosecutor Charles H. Erwin during the penalty part of the trial when he stated that the jury should take into consideration that the law did not contemplate the amount of money taken in a forgery should have anything to do with whether or not it is a forgery. Appellant's counsel objected that she was not accused of forgery. Mr. Erwin stated: "I will withdraw that statement, Your Honor." The court sustained the objection and instructed the jury to disregard the statement. A motion for mistrial was overruled. The prosecutor then apologized to the jury and said it was a slip of the tongue. He then argued that nowhere in the law does it contemplate a minimum value or a maximum value in accepting money by passing a forged instrument. The withdrawal of the remark, and the instruction to disregard it by the court rendered the error, if any harmless.

■ The sufficiency of the evidence to show that the name Joyce Felts, appearing as maker of the check, was that of a fictitious person is challenged. L. T. Tomkins testified that he was an investigator for the district attorney's office; that in attempting to find a Mrs. Joyce Felts, he checked the telephone directory, the criss-cross directory for Dallas and Garland, the water department and dialed the telephone number listed on the check, which was shown to be that of Casa View School. He checked with the telephone company. He could not find the name of Mrs. Joyce Felts. He could not find an 8448 Freeport Road, the address written on the check under the name of the purported maker. There was sufficient evidence for the trial court to submit and for the jury to find that the name signed to the check was that of a fictitious person. Hancock v. State, 123 Tex.Cr.R. 16, 57 S.W.2d 111; Thompson v. State, 137 Tex. Cr.R. 168, 128 S.W.2d 821; Jones v. State, 144 Tex.Cr.R. 5, 161 S.W.2d 104; and Rivas v. State, 169 Tex.Cr.R. 625, 336 S.W.2d 938. See Barnwell v. State, 1 Tex.App. 745, and 49 A.L.R.2d 852, 880, Sec. 5b, Forgery-use of fictitious name.

There being no reversible error, the judgment is affirmed.

---

1. Both are substantially the same as the one appearing in 3 Branch's Ann.P.C.2d, Sec. 1612.1.