JIM SANFORD v. THE STATE.

No. 14739. Delivered February 3, 1932.

The opinion states the case.

*Oscar Callaway,* of Comanche, *Baker & Baker,* of Coleman, and *Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for two and one-half years.

A federal prohibition enforcement officer testified that he purchased some whisky from appellant. He said that a Mrs. Black accompanied him to appellant's place of business. Mrs. Black gave testimony corroborating that of the officer. Testifying in his own behalf, appellant denied that he had any transaction with the officer in which he sold him whisky.

Bill of exception No. 3 presents the following occurrence. Appellant asked Mrs. Black on cross-examination if she was not a common prostitute in the town of Brownwood, and if she was not at the time running a house of prostitution. Upon the state's objection, the court declined to permit the witness to answer the question. It is certified in the bill of exception that the witness would have answered that she was a common

prostitute and had conducted a public place for prostitution. In qualifying the bill of exception the court states that he declined to permit the witness to answer the question. He says, however, that during the cross-examination of the witness she testified that her occupation for the past two or three years had been that of taking in washing. The court does not say that the witness would not have answered as certified in the bill of exception. It has long been the rule in this court that a witness may be asked on cross-examination if she is a common prostitute, and that the party asking the question is bound by the answer given, and cannot call other witnesses to impeach her testimony or disprove her answer. McCray v. State, 38 Texas Crim. Rep., 609, 44 S. W., 170; Hall v. State, 43 Texas Crim. Rep., 479, 66 S. W., 783; Yeager v. State, 96 Texas Crim. Rep., 124, 256 S. W., 914; Mobley v. State, 89 Texas Crim. Rep., 646, 232 S. W., 531; Brittain v. State, 47 Texas Crim. Rep., 597, 85 S. W., 278; Campbell v. State, 89 Texas Crim. Rep., 243, 230 S. W., 695; Hastings v. State, 119 Texas Crim. Rep., 507, 43 S. W. (2d) 113. The witness gave material testimony against appellant. According to the testimony of the prohibition officer, appellant declined to make the sale to him until Mrs. Black introduced him to appellant. Appellant denied that he made the sale. The testimony of Mrs. Black corroborated the officer that the sale was made, as detailed in the testimony of the officer. In the light of the record, the failure of the court to permit the impeachment of the witness by proving by her that she was a common prostitute, in our opinion, presents reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.