## J. M. PEERY V. THE STATE.

No. 20512. Delivered November 1, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*Gus Butler,* of San Benito, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is unlawfully practicing medicine; the punishment, a fine of $250.00 and confinement in jail for one hour.

Appellant was a chiropractor and had maintained an office in his home in San Benito for several years. He had a sign in front of his home which read: "J. M. Peery, Chiropractor." He had not registered in the office of the district clerk of Cameron County as required by law. During the month of November, 1938, Jack W. Knight, who was "Investigations Counsel for the Texas State Board of Medical Examiners" traveled to the Rio Grande Valley in an automobile. In passing through the City of San Benito he observed the sign we have referred to in front of appellant's home. Driving on to Brownsville, Mr. Knight went to the district clerk's office and made an investigation of the records for the purpose of determining whether appellant had filed a certificate with the clerk, as required by law, evidencing his right to practice medicine in Cameron County. Finding no such record, he went to a health clinic in the City of Brownsville and made contact with Mrs. Dora C. Alonso and Miss Catherine Solis, both of whom appear to have been ill.

According to the testimony of Mrs. Alonso, Mr. Knight told her that he knew of a good doctor in San Benito who could cure her, and, at his invitation, she and Miss Solis accompanied him in his automobile to San Benito. After reaching San Benito Mr. Knight parked his car just around the corner and out of sight of the appellant's home. He gave Mrs. Alonso two dollars and directed her and Miss Solis to the home of the appellant. In company with Miss Solis, the witness entered the appellant's home, where the appellant placed her on a cot and connected "her body up with some kind of an electrical machine." Also he put "some kind of soap on her breast." Mrs. Alonso testified that she paid appellant two dollars for the treatment. She and Miss Solis then returned with Mr. Knight to the City of Brownsville.

Miss Solis gave testimony substantially the same as that of Mrs. Alonso.

Testifying in his own behalf, appellant admitted everything connected with the treatment except that it was his version the he received no money from Mrs. Alonso. He said, however, that he thought she would return for further treatments and

expected to be paid for the treatment he gave her on the occasion in question at a later date. Appellant also testified that he had been practicing as a chiropractor in the City of San Benito for sixteen years. He admitted that he had not received a license to practice medicine. Appellant's wife testified that Mrs. Alonso did not pay her husband any money in consideration of the treatment given her. Mrs. Saner testified that she did not see Mrs. Alonso pay appellant any money but that the payment could have been made without her being cognizant of the fact. Mr. Saner testified that he was in the waiting room and that Mrs. Alonso could have paid the appellant without him seeing her. He further testified, as did Mrs. Saner, that he heard Mrs. Alonso talk to appellant about giving her other treatments.

There is nothing in the testimony to in any manner indicate that Mrs. Alonso was an accomplice witness. On the contrary, it appears that she was not aware that appellant was violating the law, but went to him with the hope that he could relieve the bronchitis with which she was suffering. It therefore follows that appellant's contention that she was an accomplice witness as a matter of law and that the testimony is insufficient to sustain a conviction must be overruled.

If it should be conceded that Mr. Knight was an accomplice witness as a matter of law—and this is not conceded—it would not follow that the evidence should be held to be insufficient to support the conviction. We say this in view of the fact that his testimony is amply corroborated by that of non-accomplice witnesses.

Appellant submitted no requested instruction defining accomplice testimony as applied to the witness, but contented himself with making a motion for an instructed verdict on the ground that all of the testimony in the case was that of accomplice witnesses. We have no question properly presented of the failure of the court to charge the jury that the witness Knight was an accomplice wtiness.

After carefully examining the record we are constrained to hold that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion because, as he alleges, we misapprehended his contention herein relative to the fact that this cause rests entirely on accomplice testimony, and that therefore the court should have granted his motion for an instructed verdict. He again complains that the doctrine upon which he requested his preemptory instruction was on account of his contention that the appellant was lured into this violation, and entrapped by the State's witnesses into treating Mrs. Alonso, and, therefore, because of such fact the law will not permit a conviction under such circumstances to stand. With the application of such a principle to these instant facts we can not agree. The gist of the offense is that appellant treated a human being for some disease or disorder without having filed certain documents in the office of the district clerk of Cameron County. The fact that an agent of the State Board of Medical Examiners requested this lady to go to where appellant lived and ask for treatment for bronchitis, and carried her there in his car, and furnished her with $2 to pay for same, in our judgment, would not constitute such to be an entrapment. It seems that appellant had a sign in front of his home, showing him to be a chiropractor; that Mrs. Alonso, who seemed to be suffering from bronchitis and knew nothing of this agent's motives, desired treatment therefor, and that she claimed to have been benefited thereby.

The word "Entrapment" has been defined legally as "the seduction or improper inducement to commit a crime, and not the testing by trap, trickiness or deceit of one suspected." U. S. v. Wray, 8 Fed. (2d) 429. Mr. Webster defines the word "entrap" as "to catch as in a trap by artifice." The word "entrapment" as used in a legal sense carries with it the presumption that the officer or agent manufactures the offense and then incites accused to commit the offense for the purpose of prosecution. Swallum v. U. S. 39 Fed. (2d) 390; also see a long list of cases of like import in 4th Series, Vol. 1, Words & Phrases, p. 896.

In this cause we fail to see any species of entrapment in this agent furnishing the money to Mrs. Alonso, and telling her to go to appellant for treatment, and in her going to appellant and being treated for an ailment from which she was suffering.

The motion is overruled.