JIMMY WARREN FEATHER V. STATE

No. 31,427. February 17, 1960
Motion for Rehearing Overruled April 13, 1960

*C. C. Divine,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Lee P. Ward, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of heroin with two prior convictions for felonies less than capital alleged for the purpose of enhancement; the punishment, life imprisonment pursuant to Art. 63, V.A.P.C.

Briefly, the state's evidence shows that on the morning of February 22, 1959, certain officers went to 3718 Fulton Street in the city of Houston where they arrested the appellant in the back bedroom of a house at that address. Later in the day the officers returned to the house in company with the appellant and with the appellant's consent searched the bed room which appellant stated he was occupying. In the search of the room the officers found in a closet 5 hypodermic needles, 3 eye droppers and 2 spoons, one of which was burned. They also found in the room certain men's clothing, some of which bore laundry marks with the initials "J.W.F." and the name "J. W. Feather," and various letters addressed to "James Warren Feather." Mrs. Janie Mae Ranier, in whose home the room was located, testified that she had been away from home for three weeks prior to the appellant's arrest; and that appellant admitted to her that he had been staying at her home for two weeks. She further stated that on the day following his arrest the appellant returned to her home and got his clothes which she had taken from the room searched by the officers and that appellant's mother later paid her for rent on the room and food

which appellant and his companion, Howard Good, had consumed at her home. It was shown by the testimony of Chemist Floyd E. McDonald, who examined the articles taken in the search, that one of the eye droppers contained a small amount of morphine and one of the spoons contained 1.35 milligrams of pure heroin, a narcotic drug. The chemist further testified that such was a sufficient amount of heroin to cause effect upon a person if injected internally.

In making proof of the two prior alleged convictions the state introduced in evidence from the records and files of the Texas Prison System certified copies of the judgment and sentence in the two numbered causes alleged in the indictment which showed that on the dates alleged the defendant named therein was convicted of the offenses of burglary and felony theft. Also introduced were copies of the original finger print cards in the two numbered files in which the convictions were shown. Deputy Sheriff Eddie Knowles, testifying as a finger print expert, stated that he had made an examination and comparison of appellant's known finger prints and those from the prison records and files which were introduced in evidence and that in his opinion they were taken from the same person.

Appellant did not testify but called as a witness, his mother, who testified that appellant had lived in her home on Rosepoint Street in the city for a month before his arrest but admitted that he was possibly away from her home the week prior to his arrest. Appellant also called as a witness, Carolyn Walsh, who testified that during the week prior to appellant's arrest she had been with the appellant and that on one such occasion when they were at the address of 3718 Fulton Street she saw Howard Good with some eye droppers, needles and a burned spoon which looked like those introduced in evidence by the state.

We shall discuss the contentions urged by appellant in his brief on file in the cause.

It is first contended that the court erred in overruling appellant's motion for a continuance because of the absence of the witness Howard Good. The record reflects that a postponement of the cause was granted by the court upon appellant's first motion for a continuance because of the absence of certain witnesses including the witness Good but that when the case was later called for trial appellant filed no motion for continuance

because of the absence of the witness. Under the record no error is shown.

It is next contended that the court erred in overruling appellant's motion to quash that portion of the indictment alleging the two prior convictions on the ground that Art. 63, V.A.P.C. being a general statute could not be used to enhance punishment for violations of the Narcotic Drug Act, Art. 725b, V.A.P.C. a special statute. In the recent case of Granado v. State, 168 Tex. Cr. R. 525, 329 S. W. 2d 864, this court in an opinion on the State's Motion for Rehearing said: "We desire to make it clear that nothing said in this or our original opinion is to be construed as in conflict with our holding in Robinson v. State, 163 Tex. Cr. R. 499, 293 S.W. 2d 781. There the primary offense was possession of heroin, and the punishment was properly enhanced under Art. 63, Vernon's Ann. P.C. because of two prior non-capital convictions, one for burglary and the other for robbery."

Appellant insists that the search of the bed room where the narcotics were found was illegal because without a search warrant. The record clearly shows that appellant gave his consent to a search of the room. We are aware of no holding by this court that the consent of one to a search of his home is insufficient because it was given while he was under arrest. The contention is overruled.

By informal bill of exception appellant complains of the court's action in permitting Officer Hightower to testify over appellant's objection, that on the occasion of the search of the bed room he observed punctures on the appellant's arm, which in his opinion would come from injecting needles in his arm. We find no error in permitting the testimony. Officer Hightower violated no law in observing the appellant's arm and was shown to be qualified to express his opinion as to the cause of the punctures he observed. Complaint is also made to the court's action in overruling appellant's objection to a question propounded to his witness, Carolyn Walsh, on cross examination by state's counsel when she was asked if she were not just a common prostitute during the period of time she stated she had known the appellant. We find no error in the bill. The record reflects that the witness did not answer the question. A witness may be asked, upon cross examination, if she is a common prostitute. Smith v. State, 86 Tex. Cr. R. 455, 217 S. W. 154 and Myers v. State, 149 Tex. Cr. R. 301, 194 S. W.

338

2d 91. This is so only where the question is asked in good faith and an affirmative answer is expected.

We have carefully reviewed the court's charge in the light of appellant's complaints thereto and perceive no error therein.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion Approved by the Court.