**Andrew Willie BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46703.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Rehearing Denied Nov. 14, 1973.

A. D. Azios, Houston, for appellant.

Carol Vance, Dist. Atty. and James C. Brough and Victor Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

RAWLEIGH BROWN, Commissioner.

Appealed from the 176th District Court of Harris County.

Appellant was convicted of the offense of possession of heroin; punishment was enhanced under Art. 63, Vernon's Ann.P. C., and a life sentence was assessed.

In his first ground of error the appellant complains of the trial court's failure to exclude evidence obtained during the arrest of the appellant without a warrant at a time when he was not committing a felony or breach of the peace.

At a hearing before the court on a motion to suppress the evidence, officers E. J. Stringfellow and J. W. Landrum of the Houston Police Department testified. Their testimony was to the effect that they had received information from an informant that the appellant had narcotics at an apartment located in an apartment complex at 2513 Nagle, Houston. The informant had just left the location and appellant had heroin in a blue object which the informant thought was a handkerchief or a pouch. Based on this information and the fact that on other occasions this informant's information had proved to be correct and reliable, the officers went to the apartment complex to obtain the exact number of the apartment as described by the informant for the purpose of securing a search warrant. On approaching the stairway to a common upstairs hall, the appellant, who was known to the officers, was seen at the top of the stairs with a blue object in his hand. Appellant, seeing the officers, retreated to apartment number 4, being the one described by the informant, calling to someone inside to open the door and while attempting to enter the apartment was confronted by the officers. Before the officers could obtain the blue coin purse, Dorothy Robinson opened the door, quickly took the purse and placed it inside her pants.

Both Dorothy Robinson and the appellant were placed under arrest and taken to the police station. On alighting from the police car, the blue purse fell from Dorothy's right pants leg and was retrieved by the officers. Subsequent tests verified the contents of the purse to be heroin.

We hold that at the moment of arrest the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant prudent officers in believing that the appellant was committing an offense. The constitutional test of probable cause for an arrest without a warrant as stated by the United States Supreme Court in Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 was met. During the trial before a jury the seized heroin was admitted without objection. Appellant's first ground of error is overruled.

It is contended the court erred in overruling appellant's motion not to consider appellant's two prior felony convictions alleged in the present indictment because said prior convictions were of a different nature and not similar to the present offense. The prior convictions were robbery by assault and attempted burglary. This ground of error is overruled. As stated by this court in Feather v. State, 169 Tex.Cr. R. 334, 333 S.W.2d 851 (1960):

> "In the recent case of Granado v. State [168 Tex.Cr.R. 525], 329 S.W.2d 864, 867, this court in an opinion on the State's motion for rehearing said: 'We desire to make it clear that nothing said in this or our original opinion is to be construed as in conflict with our holding in Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781. There the primary offense was possession of heroin, and the punishment was properly enhanced under Art. 63, Vernon's Ann.P.C. because of two prior non-capital convictions, one for burglary and the other for robbery.'"

See also Hardin v. State, 458 S.W.2d 822 (Tex.Cr.App.1970).

We have examined all grounds of error and also appellant's pro se brief. We find nothing which merits further discussion.

The judgment is affirmed.

Opinion approved by the Court.