**Charles David KESTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00027–CR.**

Court of Appeals of Texas,
El Paso.

June 2, 1982.

Melissa Hirsch, Odessa, for appellant.

William M. Holmes, Dist. Atty., Odessa, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for sexual abuse of a child. The court assessed punishment at twelve years confinement. We affirm.

The State offered evidence that the Appellant engaged in oral sexual acts with a

twelve-year-old boy on several different occasions in early May, 1979. Appellant admitted the presence of the complainant at his apartment, but denied that any sexual contact took place.

In Ground of Error No. One, Appellant complains of the introduction of an extraneous offense during the State's rebuttal. Another twelve-year-old boy testified that he, too, visited Appellant's apartment in early May, 1979. He began watching television and then was told by Appellant to remove his clothes. Appellant then engaged in the same type of sexual acts as alleged with regard to the complainant. The rebuttal witness testified that he told the complainant about this occurrence.

Appellant contends that his defense of simple denial did not justify introduction of this evidence. No other extraneous offense exception supports its admission, and, therefore, the State violated the principles set out in *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972).

*Albrecht* sets out the basic rule that a defendant is entitled to be tried on the indicted accusation and not as a criminal generally. The opinion describes six common exceptions which permit the introduction of extraneous offenses. The court expressly stated that the list is not exclusive, and that situations justifying the use of extraneous offenses are as varied as the fact situations giving rise to criminal prosecution. *Id.* at 100–101.

■ Underlying all the specific exceptions to the general rule is the evidentiary concept that extraneous offenses may be shown where their probative value in assessing the indicted offense outweighs the inflammatory effect such background information may have upon the jury. *Id.* at 99; *Brooks v. State*, 580 S.W.2d 825, 832–833 (Tex.Cr.App.1979); *McDonald v. State*, 513 S.W.2d 44, 50–51 (Tex.Cr.App.1974).

■ The general principle supporting introduction of extraneous offenses is particularly true in sexual abuse of children prosecutions, where the other offenses are probative of the probability that the act occurred and demonstrate the unnatural attention the defendant paid to the complaining witness. Additionally, the extraneous offenses, if sufficiently similar in nature, may properly demonstrate a continuing scheme or course of conduct. *McDonald, supra,* at 50–51; *Johnston v. State*, 418 S.W.2d 522, 525–528 (Tex.Cr.App.1967).

In *McDonald* and *Johnston*, the defense raised the issue of alibi, triggering the application of that specific exception designated in *Albrecht*. The opinions do describe probability of the occurrence of the act, unnatural attention to the victim and continuing scheme as independent issues justifying the introduction of the extraneous offenses. Consequently, Appellant's general denial in this case, and his avoidance of an alibi defense, does not preclude the State from proper use of the second victim's testimony. The same is true with regard to Appellant's failure to challenge the proof of identity.

In *Garcia v. State*, 573 S.W.2d 12 (Tex.Cr. App.1978), the defendant was charged with indecency with his thirteen-year-old daughter. The court upheld the introduction of extraneous offense testimony from three other daughters and their mother revealing other acts of sexual exhibition and masturbation. No alibi was raised and no challenge made to identity. The probative value of the evidence on the probability that the act occurred and the defendant's unnatural attention to the children outweighed the inflammatory effect. *Id.* at 16.

The fact that events do not occur in a vacuum is generally pointed out in association with the *res gestae* exception to the extraneous offense rule. In *Garcia*, the appellate court relied upon that common sense proposition without categorizing the extraneous offenses as *res gestae*. The testimony of the extraneous victims placed the indicted offense victim's testimony in proper perspective.

In *Beck v. State*, 171 Tex.Cr.R. 534, 360 S.W.2d 410 (1962), the defendant was charged with procuring a woman for prostitution. Extraneous offenses of procuring her daughter and possession of drugs were

introduced, the former to show a continuing scheme and course of conduct and the latter as *res gestae* of the indicted offense. *Id.* 360 S.W.2d at 414; *see also: Brooks v. State,* 580 S.W.2d at 832–833; *Russell v. State,* 598 S.W.2d 238, 250 (Tex.Cr.App. 1980).

■ The critical question in this case is not whether the extraneous offense may be neatly categorized under one of the *Albrecht* exceptions, but whether the probative value of the evidence outweighed the inflammatory side effects. We conclude that it did, and that the evidence was properly admitted.

Both victims were twelve-year-old males. They knew each other. The extraneous offense victim was, in fact, introduced to the Appellant by the indicted offense victim. Both victims were invited by the Appellant to the scene of the offense. The offenses took place in the same setting, during the same week. The overtures to the sexual acts were identical, as were the specific sexual acts committed. *See: McDonald v. State,* 513 S.W.2d at 51; *Garcia v. State,* 573 S.W.2d at 16.

The evidence was highly probative of the probability that the act occurred in the manner described by the complainant. The details of the indicted and extraneous offenses are of such similarity as to demonstrate a continuing scheme on the part of the Appellant. The evidence of both offenses provides a proper perspective from which the jury could assess the truth as to the indicted offense. The evidence properly provided the jury with vital information, enabling them to distinguish between Appellant's assertion of a well-intentioned concern for a neglected child and the alternative interpretation of an unnatural desire directed towards a highly vulnerable victim. The evidence was properly admitted. Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant alleges that the trial court erred in denying a motion for instructed verdict at the close of the State's case-in-chief. At that stage of the trial, the State offered only the testimony of the complainant. It is Appellant's contention that the testimony was uncorroborated and that the complainant was an accomplice who made no outcry.

■ There was testimony, at that stage, that an outcry had been made. The complainant testified that he told a friend of his who lived on the other side of town. The victim's own testimony is competent evidence of outcry, even in the absence of confirming testimony by the outcry recipient. *See: Hargrove v. State,* 579 S.W.2d 238 (Tex.Cr.App.1979). Appellant elicited this information as to the complainant's outcry on cross-examination. The fact that the details of the outcry were not further developed by either side goes to the weight and credibility of the evidence.

An attempt to impeach the complainant disclosed the fact that he had also given a written statement to one Jerry Davis.

The evidentiary deficiency with regard to Article 38.07 of the Code of Criminal Procedure is that there is no evidence of the time frame in which these outcries were made. The statute prescribes a six-month limitation. The offense allegedly occurred on May 1, 1979. This outcry would have to have been made by October 1 to eliminate the need for corroboration. Trial was held in January, 1980. The date of arrest is not shown in the evidence before the jury. The indictment was returned in July, 1979, within the six-month period. It would be logical to assume that the written statement was obtained prior to presentation of the case to the grand jury. The complainant's testimony as to the outcry to his young friend suggests that that took place prior to any police or parental involvement.

In any event, following denial of Appellant's motion, he elected to present evidence of his own. In rebuttal, the State provided corroboration of complainant's testimony. Appellant's former roommate testified that Appellant showed him nude photographs of the complainant taken at the apartment. He testified that Appellant admitted taking the photographs and having sexual relations with the boy.

It is unnecessary to evaluate the sufficiency of the outcry evidence or any corroboration at the time the motion for instructed verdict was denied. By putting on a defense, Appellant waived his contention as to the sufficiency of the State's case-in-chief. Consequently, appellate review of the sufficiency of the evidence to support the conviction may look to the entire record. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Cr.App.1980); *Shirley v. State*, 501 S.W.2d 635, 637 (Tex.Cr.App. 1973). In doing so, we find that regardless of the outcry and accomplice issues, the complainant's testimony was corroborated and therefore a sufficient basis for conviction. Ground of Error No. Two is overruled.

The conviction is affirmed.