**Joe Laredo MENDIETA, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–152–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 12, 1983.

Donald S. Gandy, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Joe Laredo Mendieta, was convicted by a jury of voluntary manslaughter and punishment was assessed at forty-five (45) years confinement.

We affirm.

Mendieta asserts in three grounds of error that the trial court (1) erred in refusing to charge the jury on the lesser included offense of criminally negligent homicide, (2) erred in refusing to charge the jury on the lesser included offense of reckless conduct, and (3) erred in allowing the State to improperly impeach the testimony of a defense witness by asking her if she were a common prostitute.

Mendieta and the deceased, Tony Tiner, argued in the Country Express bar over a fifty dollar debt owed Mendieta by Tiner. The bouncer intervened and escorted Tiner outside. Shortly thereafter, Mendieta also went outside and stood by a car in the parking lot. Tiner approached him and they resumed talking. This talking soon erupted into a pushing and shoving confrontation. Mendieta stabbed Tiner with a knife and this caused Tiner's death.

Mendieta testified on direct examination as follows:

Q. What did you do then?

A. When I fell, I went for my front pocket. I got my knife out with my right hand. I opened it with my left hand, and as I was coming up to keep him away from me by swinging, he came towards me and met my knife.

Q. And the knife went into him?

A. Sir?

Q. Your knife went into him?

A. Yes, sir.

Q. Did you intend to stab him?

A. No sir. I intended to keep him away. Tony was my friend.

He asserts that this testimony raises the issue of criminally negligent homicide by showing that the stabbing itself was unintentional. The testimony of the defendant alone may be sufficient to require an instruction on a lesser included offense. *Warren v. State,* 565 S.W.2d 931 (Tex.Cr. App.1978). Further, the credibility of that testimony may not be considered in determining whether such an instruction should be given. *Moore v. State,* 574 S.W.2d 122 (Tex.Cr.App.1978). We do not believe, however, that Mendieta's testimony raises an issue of criminally negligent homicide.

The culpable mental state for criminally negligent homicide (TEX. PENAL CODE ANN. § 19.07) (Vernon 1974), is criminal negligence, which is defined as follows:

A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross devia-

tion from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX. PENAL CODE ANN. § 6.03(d) (Vernon 1974). Mendieta testified that he *intended* to keep the deceased away from him by swinging the knife in front of him. This testimony shows that he was aware of the risk created by his action and, in fact, used that risk to his advantage. This testimony can be said to raise an issue as to recklessness, but not criminal negligence.

Mendieta's reliance on *London v. State,* 547 S.W.2d 27 (Tex.Cr.App.1977) is misplaced. In *London,* the defendant became involved in an argument with the deceased at a poolhall. He left the poolhall, went home, and returned with a shotgun which he pointed at the deceased. The shotgun discharged and killed the deceased when it was struck by a third party. There was no intent on the part of the defendant to actually fire the shotgun. His actions in pointing a loaded shotgun at an adversary are arguably criminal negligence. In *Hunter v. State,* 647 S.W.2d 657 (Tex.Cr.App.1983), the court held that criminal negligence was raised when the defendant's gun went off when he swung the gun into the back seat of an automobile to "quiet" the deceased. Again, there was no evidence of any intent to fire the gun. In *Bodeker v. State,* 629 S.W.2d 65 (Tex.App.—Dallas 1981, pet. ref'd 1982), the court found that the issue of criminal negligence was raised where the testimony indicated that the deceased was pushed by a third party into a knife held by the defendant during a struggle. Since there was an issue as to whether defendant was negligent in not perceiving the risk of injury created by his conduct in obtaining and holding the knife, the trial court erred in refusing the charge on criminal negligence.

In the instant case, Mendieta by his own testimony admits that he was aware of the risk in swinging his knife and that he used it to keep the deceased away. No issue of the failure to perceive that risk was raised by this record. His testimony can at most

be said to raise an issue of self-defense, to which a charge was given, or an issue of recklessness, which the requested charge does not require. Ground of error one is overruled.

Ground of error two asserts that the trial court should have granted a requested charge on the lesser included offense of reckless conduct. TEX. PENAL CODE ANN. § 22.05 (Vernon 1974). Texas law is well settled that a defendant is entitled to a charge on a lesser included offense if there is evidence that, if guilty at all, he is guilty only of the lesser included offense. *Royster v. State,* 622 S.W.2d 442 (Tex.Cr. App.1981). There is no evidence in this record that, if Mendieta is guilty at all, he is guilty only of reckless conduct. He testified himself that he did cause the death of the deceased and was not conceivably entitled to a charge on anything less than the lowest criminal homicide defense.

The jury was charged in this case on the law of involuntary manslaughter, TEX. PENAL CODE ANN. § 19.05 (Vernon 1974), which includes the same culpable mental state of recklessness that is included in reckless conduct. This charge was proper for this record. Ground of error two is overruled.

Ground of error three complains of the impeachment of a defense witness by asking her if she were a common prostitute. This question is permissible when asked in good faith and an affirmative answer is expected. *Feather v. State,* 169 Tex.Cr.R. 334, 333 S.W.2d 851 (1960). The witness had admitted being such outside the presence of the jury and the State did not inquire further into the matter. Further, the State did not inquire into specific acts of unchastity condemned in *Hill v. State,* 608 S.W.2d 932 (Tex.Cr.App.1980). Ground of error three is overruled.

The judgment is affirmed.