**Jared Ellison CRAVENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–83–0098–CR.**

Court of Appeals of Texas,
Houston (1st Dist.)

Dec. 29, 1983.

---

Wendall Odom, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before DOYLE, WARREN and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a conviction for rape of a child. The court assessed punishment at twelve years confinement.

At the time of trial, the complainant was thirteen years old and the adopted daughter of appellant. Although the complainant's mother and appellant were divorced, the complainant visited appellant's house every other weekend. The complainant testified that in January and February of 1980, appellant raped her twice and warned her not to tell anyone. A jury found appellant guilty on two counts of rape of a child. The sufficiency of the evidence is not challenged. Appellant raises three points of error on appeal.

Appellant's first ground of error alleges that the court improperly admitted evidence of extraneous offenses in the State's case-in-chief.

This ground of error refers to three separate instances on which appellant allegedly

touched the complainant and her twelve-year old stepsister on their bare breasts.

The complainant testified, on direct examination, that about six months before the alleged rape, appellant felt her breasts, while applying suntan lotion on her body. She also testified that two weeks later, appellant crept into her bedroom twice and touched her bare chest again. In the State's case-in-chief, appellant's stepdaughter, corroborated the complainant's testimony, and testified that appellant also touched her breasts. These acts, if done with the intent to arouse or gratify appellant's sexual desire, constitute a violation of Texas Penal Code § 21.11(a) V.T.C.A., Indecency With A Child.

Appellant contends that this testimony violates the principles concerning the admissibility of extraneous offenses set out in *Murphy v. State*, 587 S.W.2d 718 (Tex.Cr. App.1979) and *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972). He further argues that the State failed to justify the introduction of the testimony as an effort to come within the identity or motive exceptions of the extraneous offense rule.

■ It is well established that proof of similar happenings, extraneous transactions, or specific acts of misconduct committed by a party, is usually irrelevant to the contested material issues and generally inadmissible. *Murphy, supra*. Generally, the accused's propensity to commit crimes is not material to determining his guilt of the specific crime for which he is charged. *Albrecht, supra*. However, if the prosecution can show that the extraneous transaction is relevant to a material issue in the case, and the "relevancy value of the evidence outweighs its inflammatory or prejudicial potential," the evidence should be admitted. *Murphy, supra* at 722. *Ruiz v. State*, 579 S.W.2d 206 (Tex.Cr.App.1979); *Jones v. State*, 568 S.W.2d 847 (Tex.Cr.App.1978).

Frequently, extraneous offenses are admissible to prove identity, *Gillon v. State*, 492 S.W.2d 948 (Tex.Cr.App.1973); intent, *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr. App.1979); motive, *Rodriguez v. State*, 486 S.W.2d 355 (Tex.Cr.App.1972); flight, *Ari-*

*vette v. State*, 513 S.W.2d 857 (Tex.Cr.App. 1974), and refutation of a defensive theory, *Rubio v. State*, 607 S.W.2d 498, (Tex.Cr. App.1980). See *Albrecht, supra.*

Furthermore, this list is not exclusive. In *Albrecht*, the court stated:

> The circumstances which justify the admission of evidence of extraneous offenses are as varied as the factual contexts of the cases in which the question of the admissibility of such evidence arises. *Id.* at 100.

■ This exception to the general rule is particularly useful in the prosecution of parental sexual abuse of children. The extraneous offenses are "probative of the probability that the act occurred and demonstrate the unnatural attention the accused paid to the complaining witness." *Kester v. State*, 636 S.W.2d 232 (Tex.App.—El Paso 1982); See *Garcia v. State*, 573 S.W.2d 12 (Tex.Cr. App.1978). The court aptly explains the need for such an exception in *Williams v. State*, 490 S.W.2d 604 (Tex.Cr.App.1973):

> In matters of incest or rape under the age of consent, it is often of importance to show the attitude between them and the relative size, age and strength of the parties, and if possible, to show how one in a position demanding care and guidance of a related person, has failed in such duty and has adopted an unnatural attitude relative thereto, and by fondling or otherwise, evidences a desire for sexual gratification toward such child or relative.

See also, *Garcia v. State*, 629 S.W.2d 196, 198 (Tex.App.—Corpus Christi 1982, P.D.R. R.).

Moreover, where the extraneous sexual offenses are extremely similar in nature to the charged offense, the prosecutors may show a continuing scheme or course of conduct as part of the *res gestae* of the charged offense. *McDonald v. State*, 513 S.W.2d 44, (Tex.Cr.App.1974); *Johnston v. State*, 418 S.W.2d 522, 525–528 (Tex.Cr.App. 1967); *Kester, supra* at 233.

Except for the fact that the evidence of extraneous offenses was admitted in the

State's case-in-chief, the instant case seems to be on all fours with *Kester.* In *Kester,* the State offered evidence that appellant engaged in oral sexual acts with a twelve year old boy around the same time that appellant allegedly committed a similar offense against the complainant. Appellant contended that his simple denial did not justify the introduction of such evidence. The court found that the challenged testimony constituted an exception to the extraneous offense rule because it fell within the *res gestae* of the crime. "The testimony of the extraneous victims placed the indicted offense victim's testimony in proper perspective." *Id.* at 233.

The court in *Kester* also cited several sexual child abuse cases where similar extraneous testimony was properly admitted. In *McDonald,* the court affirmed a conviction for sodomy, and acknowledged that although the extraneous testimony rebutted the defendant's alibi, it also related to a continuing scheme by the defendant.

In *Garcia,* the court affirmed the defendant's conviction of indecency with his daughter and upheld the introduction of testimony from three of the defendant's other daughters, which revealed separate acts of sexual exhibition and masturbation. The court held that the probative value of the evidence concerning the defendant's unnatural attention to his children outweighed any inflammatory effect. *Id.* at 16.

■ In light of these cases, the facts of the instant case indicate that the extraneous offenses admitted into evidence fall within the *res gestae* exception, and that the probative value of the evidence outweighed the inflammatory side effects.

Both victims were young girls in their early teenage years. More importantly, both victims were related to appellant as his daughters. The alleged fondling indicated a continuing scheme and course of conduct and is part of the *res gestae* of the offense. The alleged extraneous offenses occurred only six months before the alleged rape of complainant. Under *Bachhofer v. State,* 633 S.W.2d 869 (Tex.Cr.App.1982), an offense committed within at least a year of the charged offense is not too remote to have relevant probative value. The evidence of appellant's fondling his stepdaughter's breasts indicates an unnatural affection toward his children, and has probative value on the probability that the rape occurred. The evidence also provides the jury with information with which they could properly evaluate appellant's assertion that he was simply a concerned parent, victimized by his ex-wife, and also the complainant's assertion that she was the object of an unnatural desire by her father.

■ Appellant also argues that it was error for the court to allow evidence of extraneous offenses during the State's case-in-chief. The fact that the State introduced this evidence during its case-in-chief does not necessarily result in harmful error. In *Rubio v. State,* 607 S.W.2d 498 (Tex.Cr. App.1980), the court affirmed a conviction of aggravated rape, even though the extraneous offenses had been admitted into evidence in the State's case-in-chief *before* the defendant had raised the defense of consent. The challenged testimony concerned an assault and attempted rape, similar to the charged offense.

The court held that "erroneous premature receipt of evidence of an extraneous offense may be rendered harmless based upon the subsequent actions of the defendant at trial." *Id.* at 502. Where the defendant later raises a defense which the extraneous offense testimony rebuts, the court has found harmless error. See *Rubio, supra,* (defendant in rape case later raised defense of consent); *Jones v. State,* 587 S.W.2d 115 (Tex.Cr.App.1979) (defendant subsequently raised an alibi defense in a rape case); *Vessels v. State,* 467 S.W.2d 259 (Tex.Cr.App. 1971) (defendant subsequently presented an alibi defense).

In the instant case, appellant's denial of the charges of rape, his defense that his ex-wife was attempting revenge by convincing his daughters to lie, and his statement that he would never do anything immoral to his children, raised the issue of

whether he exhibited unnatural tendencies toward his daughter.

The record indicates that appellant's general denial and representation that he was a good moral parent, were presented primarily to rebut the charge of rape, not the instances of fondling. Therefore, the evidence does not reflect that the admission of the extraneous offenses compelled appellant's testimony. *See Sherlock v. State,* 632 S.W.2d 604 (Tex.Cr.App.1983).

Given these facts, any error that occurred by admitting the extraneous offense testimony before appellant testified was harmless. Appellant's first ground of error is overruled.

■ In the second ground of error, appellant contends that the trial court committed reversible error in refusing to admit into evidence testimony concerning the complainant's promiscuity. Appellant attempted to elicit testimony regarding the manner in which the complainant had received a perforation of her hymen by showing that she had been seen in the woods with a boy and that she had been caught with the same boy at home in her bedroom. Appellant also attempted to establish that complainant had sexual intercourse with her step-brother.

Appellant argues that such evidence is not excluded by article 21.09 of Texas Penal Code which provides that prior acts of promiscuity may not be admitted into evidence by the defense if the complainant is under the age of 14. *Calais v. State,* 624 S.W.2d 811, 813 (Tex.App.—Houston [14th Dist.] 1981). We hold that the trial court properly excluded the testimony tending to prove promiscuity. Appellant claims that he was entitled to offer such evidence in rebuttal of the State's evidence of how the complainant's hymen had been perforated and not as a defense to the rape charge. There are two reasons why such evidence was properly excluded. First, the complainant was only thirteen years of age, and second, at the time appellant sought to elicit such evidence there had been no physician's testimony showing that the complainant had a perforated hymen. Later in the trial when Dr. Ross did testify, he explained that the complainant's hymen could have been perforated in a number of ways unrelated to sexual activity. Conceivably, this testimony aided appellant since the jury thereafter knew that appellant's penis was not the only thing that could have caused the broken hymen. At most, the exclusion of the testimony of Chad Cravens was harmless because "the State was not relying on the fact the complainant's hymen was perforated in order to make its case." We overrule ground of error two.

In his third ground of error, appellant contends that the trial court erred in allowing the improper impeachment of witnesses for the defense. First, appellant contends that the State's reference to defense witness, Craig Cravens' prior heroin conviction was made in bad faith, and was highly prejudicial. The actual question objected to is set out below:

Questions by Mr. Eggleston:

Q. Mr. Cravens, you love your dad?

A. Yes, sir, I do.

Q. You don't want to see him get into trouble?

A. No, sir.

Q. And you would do the best you could to help him keep out of trouble?

A. Yes, sir.

Q. It is true, is it not, Mr. Cravens, that you spent time in the federal penitentiary for a heroin conviction?

Mr. Conklin: Judge, I am going to object to that. If counsel wants to ask this man a question, he knows how to do it.

The Court: Overruled. Go ahead.

A. Yes, sir.

Mr. Eggleston: That's all I have.

Mr. Conklin: No further questions.

The appellant argues in his brief that since Craig Cravens received only a probated sentence for a marihuana conviction, the prosecutor's question was improper impeachment and requires reversal of appellant's conviction. *Murphy v. State,* 587 S.W.2d 718 (Tex.Cr.App.1979). *Castro v. State,* 651 S.W.2d 1 (Tex.App.—Houston [14th Dist.] 1982).

In response, the State argues that appellant's objection at trial does not comport with the ground of error asserted on appeal. Therefore, under *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr.App.1979) no error was preserved.

■ The record shows that appellant's objection at trial went to the form of the prosecutor's question:

"Mr. Conklin: *Judge I am going to object to that. If counsel wants to ask this man a question, he knows how to do it.*" (Emphasis added)

This objection was not specific enough to preserve error as to the wrongful introduction of a prior conviction. *Van Sickle v. State*, 604 S.W.2d 93, 97 (Tex.Cr.App.1980) *rev'd on other grounds, Davis v. State*, 645 S.W.2d 288 (Tex.Cr.App.1983). In *Van Sickle,* appellant made a general objection to the prosecutor's attempt to impeach a defense witness with a prior conviction. The trial court allowed trial counsel to approach the bench to discuss, outside the presence of the jury, whether a prior conviction existed. After the discussion, the court allowed the prosecutor to continue cross-examining the witness concerning his prior conviction.

On appeal, the court held that the error of improper impeachment for a prior conviction was not preserved for appellate review because the defendant did not specifically object to the wrongful introduction of the prior conviction. *Id.* at 97; *See also, McClinton v. State*, 338 S.W.2d 715 (Tex.Cr.App.1960). The court emphasized that appellant's request that the court consider the matter out of the presence of the jury was not a specific objection to the introduction of the evidence.

The objection made in the instant case did not refer to the wrongful introduction of a prior conviction, but referred, instead, to the improper form of the question. This becomes abundantly clear when one examines appellant's statement in his motion for mistrial which followed Chad Cravens' testimony:

(The following proceedings are had out of the presence of the jury.)

Mr. Conklin: Now comes the defendant and respectfully moves the Court for a mistrial for the following reasons: Number one is that the prosecutor without any predication whatsoever asked this witness if he had spent time in the federal penitentiary for a heroin conviction. He has not spent time in the federal penitentiary for heroin and Mr. Eggleston was informed of that. He responded to me, "Well, that's what I was told." *He did not ask the proper question as to whether or not he had ever been convicted of a felony or misdemeanor during the preceding ten years. If he would have asked that,* we wouldn't have gotten into this. This inflammatory question is not correct in the first place. (Emphasis added)

Quite differently, on appeal, appellant contends that the court erred in allowing the improper impeachment of a witness through extraneous offenses. The objection at trial does not comport with the objection on appeal. Under *Van Sickle,* the error was not preserved for review.

■ Any error that may have occurred was cured by the trial court, which required the prosecutor to apologize to the jury and indicate that his question was made in good faith. In addition, the court, upon appellant's request, directed the jury to disregard both the question and the answer. The court's instruction to disregard, combined with the prosecutor's apology, were sufficient to cure.

Appellant also contends that the State's assertion that defense witness Cathy Cravens had a rap sheet and was a prostitute, was improper impeachment.

■ It is well established that a witness may be asked on cross-examination if she is a common prostitute. *Sanford v. State*, 120 Tex.Cr.R. 249, 46 S.W.2d 307 (1932); *Feather v. State*, 169 Tex.Cr.R. 334, 333 S.W.2d 851, 853–4 (1960).

■ In *Feather,* the court expressly held that a witness may be asked upon cross-examination if she is a common prostitute,

where the question is asked in good faith and an affirmative answer is expected. *Id.* The record indicates that Mrs. Cravens had been arrested for prostitution, and that the prosecutor stayed within the proper impeachment guidelines. Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.